J. F. GORE *vs.* M. MASTIN, Sheriff.

1. A tax list prepared and delivered to a sheriff, according to the provisions of the Revised Code, chap. 99, constituted authority for the collection of taxes, and was of the same force and effect, as an execution issuing from the county court upon a judgment rendered in said court in a matter within their jurisdiction, and it is no part of the duty of a sheriff to enquire whether the taxes were properly laid or not.

2. The sheriff being a public officer is not bound to have a regularly certified list of taxables with him when he distrains for taxes, it is sufficient that the list was made out and delivered to him.

3. The legality of a tax cannot be tested in an action brought to recover the value of property distrained and sold by a sheriff under and by authority of a tax list in his hands.

*Huggins* v. *Simpson*, Phillips' law, 126, *State* v. *Fulton*, at this term.

This was a civil action tried before Cloud, Judge, at Spring Term 1871, of Forsythe Superior Court.

Plaintiff complained that the defendant had wrongfully taken a mule out of his possession and sold it.

The defendant, who was the sheriff of Forsythe county, admitted the taking, but justified the seizure, viz: that he had seized the mule under a distraint for taxes due from the plaintiff, and which had been assessed by the justices of said county, under the charter of the N. W. N. C. R. R. Co. The defendant offerred in evidence a book containing the amount of taxes due from the tax-payers of said county for the year 1868. The former clerk of the county court certified that it was a true copy of the tax lists for 1868, as taken from the original, and that he delivered it to the sheriff to collect taxes for State and county purposes, that it was arranged alphabetically, and contained the names and subjects of taxation other than rail road tax. This book was made out from the assess-

ment made and returned to the clerk in May 1868, and did not refer to any rail road tax.   Defendant also offered in evidence the record of the county court, directing a vote to be taken upon a subscription by the county for a number of shares in N. W. N. C. R. R. Co., and a subsequent order by the justices of said county, directing a tax to be levied on all persons and subjects of taxation, now taxable for State and county tax for the present year, and that said sheriff collect the taxes, amounting to and upon the tax list as made out by the clerk of this court for the present year.

Plaintiff insisted that no order could be made by the justice, directing the sheriff to collect the rail road taxes except by an assessment of the property of the tax-payer made after the order, &c.   There was a verdict for the plaintiff.   Judgment and appeal by the defendant.

*W. M. Robbins, Scales & Scales,* and *Dillard & Gilmer* for plaintiff.

*Masten, Blackmer & McCorkle,* and *T. J. Wilson* for defendant.

BOYDEN, J.   Under our former system, it was made the duty of the County Court, at the first session held after the first day of April, annually to appoint for each captain's district a Justice of the Peace to take a list of the taxable property. Rev. Code, ch. 99, sec. 53.   This list taken by the Justice, of taxables, was to be returned to the Clerk of the County Court at the next term after the time prescribed for taking the list.  sec. 66, same chap.: and the Clerk of the Court was directed, on or before the 1st day of April, in the year ensuing the taking of the lists, to deliver to the Sheriff of the county a full and accurate copy, in alphabetical order, of the lists.   Sec. 81, same chap. : and the Sheriff was directed forthwith to proceed to collect such taxes, sec 82. This list thus prepared and furnished the Sheriff, constituted the authority of the Sheriff for the

J. F. GORE *v.* M. MASTIN.

collection of the taxes, and was of the same force and effect as an execution issuing from the County Court upon a judgment therein rendered, in the matter of which the same Court had jurisdiction. It was no part of the duty of the Sheriff to inquire whether these taxes were properly laid or not; he was commanded forthwith to collect these taxes, and it was the duty of the tax-payers, to pay to the Sheriff these taxes thus assessed, when demanded. By section 87, chapter 99, the Sheriff is authorized, if need be, to destrain and sell the property of the tax-payer to satisfy the same.

In our case the Sheriff seized the mule for which this suit is brought, and sold it to satisfy the tax, which the plaintiff declined to pay. The Sheriff after retaining the tax and his costs and charges, tendered the balance of the price for which the mule sold, to the plaintiff. In all this the Sheriff was in the strict line of his duty. The Sheriff being a public officer was not bound to have a regularly certified list of taxables with him when he distrained. nor was he obliged to have any list with him; it was quite sufficient that the list had been made out by the Clerk of the County Court and delivered to the Sheriff.

In this case the plaintiff had no cause of action against the Sheriff, as he was himself in fault in not paying his tax when demanded.

We suppose it was one of the objects of this action to test the legality of this Rail Road tax. It is sufficient to say that the legality of this tax cannot be tested in this way. *State* v. *Fulton* at this term. *Huggins* v. *Hinson*, Phillips law 126.

This renders it unnecessary to notice the questions as to the rejection of the tax list offered by the defendant.

There is error. This will be certified.

PER CURIAM. *Venire de novo.*