LAWRENCE J. HAUGHTON v. THE COMMISSIONERS OF JONES COUNTY.

The provision of sec. 6, (7,) Art. V. of our State Constitution, restraining County Commissioners from levying a tax more than double the amount of the State tax, does not apply to taxes levied to pay debts against the County existing at or before the adoption of the Constitution.

(*Street* v. *Commissioners of Craven*, this term; *Simmons* v. *Wilson*, 66 N. C. Rep. 336; *University Railroad Co.* v. *Holden*, 63 N. C. Rep. 410, cited and approved.)

CIVIL ACTION, to enjoin defendants from levying certain taxes, heard before his Honor, *Judge Clarke* at Spring Term, 1873, of JONES Superior Court.

Upon the application of the plaintiff, Judge WATTS, at Chambers, granted an injunction against the defendants, restraining them from levying more taxes than two dollars on the poll, and two dollars on the three hundred dollars worth of real estate.

At Spring Term, 1873, the case coming up, upon the complaint, answer and proofs, the Court found the following facts:

That the defendants levied for the year 1872, for county purposes, a tax of $1.05 on the $100 valuation of property, and $3,15 on the poll; and that 28½ cents thereof on the $100 valuation of property and 85 cents on the poll were levied for

current expenses, and · the residue thereof was levied for, and to be applied to the payment of debts contracted prior to the adoption of the present State Constitution; and that the defendants subsequently and in the same year, levied a further tax of 50 cents on the $100 valuation of property, in obedience to and for the payment of two several writs of *mandamus* upon judgments previously obtained upon' debts contracted prior to the adoption of the present Constitution, amounting in the aggregate, with costs of suit, to about $1,400; and that $1,500 of said tax levy, was levied and applied for the purpose of building a bridge in said county—the question of levying said tax having been previously submitted to a direct vote of the people of said county, a majority' of whom approved and voted for said tax. It was also found, that $675 of said tax was levied and used to repair certain bridges which had almost become impassable; that the aggregate valuation of the property of said county is about $680,000; and that the plaintiff is a resident of Jones county.

His Honor thereupon ordered, that the injunction order be vacated and dissolved. From which order the plaintiff appealed.

*Haughton*, for appellant.
*Lehman*, contra.

READE, J. It is true, as contended for by the plaintiff, that, as a general rule, the County Commissioners cannot levy for county purposes, a tax more than double the State tax. Con., Art, V., sec. 7. But that provision was not intended to apply to taxes laid to pay debts existing at the time of the adoption of the Constitution. And if it had been so intended, it would have been in conflict with the Constitution of the United States, as impairing the obligation of contracts. *Street* v. *Commissioners of Craven County*, at this term. *Simmons* v. *Wilson*, 66 N. C. R., 336; *University Railroad* v. *Holden*, 63 N. C. R., 410.

The excess of taxation complained of in the case before us,

was to pay debts existing prior to the adoption of the Constitution, and therefore were properly levied.

The tax levied to build a bridge, &c, in excess of the limit, was sanctioned by a vote of the qualified voters of the county, at an election held for that purpose, and falls under Con., Art. VII., secs. 5 and 7.

For these reasons we think the restraining order was properly vacated and the injunction refused.

We have not overlooked the fact that the complaint does not allege the probability of irreparable injury or the insolvency of the defendants.

Nor the fact alleged in the answer that every other tax payer in the county has paid his taxes except the plaintiff.

There is no error.   This will be certified.

Per Curiam.                              Judgment affirmed.