FRENCH and McRAE and others *v.* THE BOARD OF COMM'RS OF N. HANOVER CO.

WM. A. FRENCH and JOHN McRAE, in behalf of themselves and others *v.* THE BOARD OF COMMISSIONERS OF NEW HANOVER COUNTY.

Taxation, for State and county purposes combined, for the current and necessary expenses of the county government and new debts, cannot exceed the Constitutional limitation.

There is no limitation however of the power of taxation, upon either State or county, for the payment of their lawful debts, created before the adoption of the Constitution.

This was an application for an INJUNCTION, to restrain the collection of certain taxes, heard by his Honor, Judge *McKoy,* at the Fall Term, 1875, of the Superior Court of NEW HANOVER county.

The following are substantially all the facts, as disclosed by the record sent to this court upon the appeal, which are necessary to an understanding of the points decided.

The plaintiffs, for themselves and on behalf of the other tax-payers in New Hanover county, allege, that the value of the taxable property in said county is about six million, one hundred and seventy-seven thousand dollars ; that the aggregate of State tax upon all property liable to taxation, is thirty-eight (38) cents on the one hundred dollars value ; and that the amount of the debt, owing by the county, contracted prior to the adoption of the Constitution of 1868, is thirty-five (35) thousand dollars, being evidenced by seventy bonds of five hundred (500) each, issued on the 1st day of March, 1869, payable ten years after date, and bearing interest at the rate of six *per cent.,* payable semi-annually.

The plaintiffs further say, that the county owes a large floating debt, contracted since the adoption of the Constitution ; and they charge, that the alleged excess of taxation is not for the purpose of defraying the necessary current expenses of the county, but for the purpose of paying debts contracted

long anterior to the year 1875, and since the adoption of the present Constitution.

That in the month of ———, 1875, the Board of Commissioners levied a tax upon the taxable property of the county, of seventy-two (72) cents on the one hundred dollars value, which, in their levy, they say is to be appropriated as follows: For general county fund, thirty five (35) cents on the one hundred dollars in value, and for the payment of the debts and interest, thirty-seven (37) cents.

That for the payment of the interest on the debt of thirty-five thousand (35,000) dollars, contracted before the adoption of the present Constitution, (the principal due March, 1879,) a levy of four and one-third ($4\frac{1}{3}$) cents, on the one hundred dollars in value, would produce a sum sufficient to pay said interest and cost of collection.

That by the Constitution, Art. v, sec. 1, the State and county taxes combined, shall never exceed two dollars on every three hundred (300) dollars of taxable property. That the levy of seventy (70) cents on the one hundred dollars in value, is in excess of the constitutional limitation; the State having levied a tax of thirty-eight (38) cents on the one hundred dollars in value, there would remain but twenty-eight and two-thirds (28 2-3) cents, to be applied for all county purposes, except the payment of the debt contracted before the adoption of the Constitution, which has hereinbefore shown to be thirty five thousand (35,000) dollars, the interest of which becomes due semi-annually; and that a levy of four and one-third ($4\frac{1}{3}$) cents on the one hundred dollars in value of the taxable property of the county, will pay the same. That said excess of taxation, so levied by the Board of Commissioners, amounts to seventy-four thousand and ninety (74,090 dollars.

That the Board of Commissioners has placed this tax list, containing this excess of thirty-nine (39) cents on the one hundred dollars in value of the taxable property of the county,

in the hands of the tax collector, who is about to proceed to collect the same: wherefore the plaintiffs pray, &c.

In answer to the complaint, the defendant denies that the value of the taxable property in the county of New Hanover, is as much as put down by plaintiffs, stating, that owing to frequent reductions in the valuation of property, since the tax list was made out, that the value thereof will not exceed six millions of dollars.

The defendant alleges, that the debt of the county contracted previous to the adoption of the constitution, is as follows: Thirty-five thousand (35,000) dollars, evidenced by seventy bonds, due 1st January, 1879, with interest payable semi-annually in gold, and which will amount to about twenty-five hundred (2500) dollars in currency; and the further sum of about fourteen thousand (14,000) dollars due and owing by said county, and incurred, as the Board has been informed, for the payment of divers debts and liabilities, contracted before the adoption of the constitution of 1868.

In regard to the "floating debt," alleged by the plaintiffs to have been contracted since the adoption of the Constitution, and the levies made by the Commissioners in excess of the constitutional limitation, and the appropriation of the aggregate so levied, to specific purposes, the defendant denies the allegations as set out in the complaint, and in explanation thereof, states :—That at a meeting of the Board on the 7th July, 1875, the following order was voted, to-wit :

" Whereas, it is necessary to levy sufficient taxes to meet the current expenses of the county of New Hanover, and to pay the debts created by the county authorities and the interest on the said debt—all created for the necessary expenses of said county: and whereas, the valuation of real property in the township of Wilmington, has been reduced to the amount of seven hundred thousand (700,000) dollars, through the general reduction of values; it becomes necessary for the Board to levy the following taxes for the year 1875, viz: For

current expenses, on the one hundred dollars of value of real and personal property, thirty-five (35) cents; for the payment of county debts and interest on the same, created for necessary purposes and old debts, on the one hundred dollars value of real and personal property, thirty-seven (37) cents. And at a meeting of the Board, held —— day of October, 1875, the following order was passed, to wit: The foregoing order was amended by striking out the words "thirty-five," and inserting in lieu thereof, the words "twenty-eight and two-thirds," and the tax list was ordered to be accordingly reformed. And it was further ordered, that the foregoing order be further amended, so as to express the true intent and meaning of the Board, in this; That it was the purpose of the levy, (made by the Board the 7th July,) to set apart the sum of thirty seven cents of the same, for the payment of the old debts and the interest thereon, " it having been made to appear to the Board at the time of the levy aforesaid, that the whole amount of such old debts and interest, due and payable, was about the sum of sixteen thousand five hundred (16,500) dollars"; and the tax of thirty-seven (37) cents was considered by the Board, to be not more than fairly sufficient to raise the sum of sixteen thousand five hundred (16,500) dollars as aforesaid. And it was further ordered, that in that case, if there should be anything remaining of the tax of thirty-seven cents, after the payment and discharge of the debts, to the liquidation whereof it was appropriated, the remaining sum should be set apart to create a Sinking Fund, for the payment of the bonds of the county, issued for debts contracted previous to the adoption of the present Constitution. The defendant further and again states, that the tax of twenty-eight and two-thirds (28⅔) cents, on the one hundred dollar of taxable property, was laid for the necessary and indispensible expenses of the county government; and that the tax of thirty-seven (37) cents on the same, was for the payment of old debts, and the creation of a Sinking Fund, to meet the

payment of the bonds issued for debts made before 1868, at their maturity.

The defendant denies that there is any floating debt against the county, made in 1875, or contracted since the adoption of the Constitution, unless it be for some scattering claims, the certificates for which have not been presented to the Treasurer for payment. The defendant alleges that the tax of twenty-eight and two-thirds (28⅔) cents is sufficient for the payment of the same, the aggregate amount not being greater than usually, and of necessity, exists, in the ordinary administration of the government.

A number of affidavits were filed, chiefly for the purpose of showing the nature of the debts of the county, whether old, (contracted before July, 1868,) or new, contracted since the adoption of the Constitution, and which, for the purposes of the decision in this case, it is deemed unnecessary to set out.

His Honor, upon the hearing the complaint, answer and affidavits, and the former order, vacated the restraining order granted upon the first application of the plaintiff, and refused to continue the injunction.

From this judgment, the plaintiffs appealed.

*M. London* and *A. T. & J. London*, for appellants.
*Russell* and *W. S. & D. J. Devane*, contra.

BYNUM, J.   The judgment of the court below, vacating the restraining order, must be affirmed. It admits of no dispute now, that taxation for State and county purposes combined, cannot exceed the constitutional limitation, for their necessary expenses and new debts. It is equally well settled, that there is no limitation of the power of taxation, upon either State or county, for the payment of their lawful debts, created prior to the adoption of the Constitution. If what are often miscalled the "necessary expenses" of a county exceed the limitation prescribed by law, the necessity cannot justify the vio-

lation of the Constitution. In such cases two remedies are open to the county. One is to apply to the Legislature, if the tax is required for a special purpose. The Constitution, Art. V., sec. 7, empowers the Legislature in such cases to give a special approval for an increased levy. The other and better way, however, is *to reduce the expenditures*. The old proverb, "cut the garment according to the cloth," has in it much practical wisdom. It is illustrated every day in private life, and is the foundation of individual integrity, contentment and success, In every relation of wholesome life, men adapt their wants and expenditures to their income. No good reason can exist why the same obligation does not rest upon corporations, and is not equally as practicable. Instead of which, as things now go, those who are entrusted with other people's money and property, whether States or counties, instead of practising prudence and economy in the discharge of their trust, seem emulous of each other in extravagance. The end of such a course is easily seen, and must be one of disaster and disgrace.

This is one of many cases now before the court, where the tax-payer is claiming the protection of the law against the onerous, growing and oppressive weight of taxation. In regard to the payment of the old debt, this court has no power to interfere with the discretion of the Board of Commissioners as to the time of payment, or other details in the levy and collection of taxes, where they are not more than sufficient to discharge the whole debt. The power of the Board is express and plenary. "To provide by taxation or otherwise, for the prompt and regular payment, with interest, of any existing debt due by bond or otherwise, from any county, except a debt, or the interest on any debt, contracted directly or indirectly in aid or support of the rebellion." Bat. Rev., chap. 27, sec. 8. It is not disputed that the county of New Hanover owes an old bonded debt of $35,000, bearing interest, and we are satisfied, also, that the debt of ten thousand dollars, due to the bank of New Hanover, being the sum borrowed to

pay an old debt, is itself an old debt, in the sense of the Constitution. It is the duty of the commissioners to levy and collect a tax sufficient to pay this and every other old debt now due. It is also their duty to pay the accrued interest upon the bonded debt of $35,000. It is, however, not their *duty* to pay any part of the principal of this latter debt until 1879, when it becomes payable. Yet this bonded debt is now due, and became so when it was contracted, though the time of payment is deferred. Unquestionably, the county, just like an individual debtor, may anticipate the day of payment, and pay the debt before compellable by suit to pay it. It is always lawful, and often the highest wisdom, to do so, especially where the debts are large, and their entire payment at one time would be more burdensome than payment in instalments, at convenient intervals. This is a matter for the con‐sideration of the Board of Commissioners. They are invested by law with the power and the discretion. When the power is not illegally exercised, the courts cannot interfere. It is alleged in the complaint, that the tax of thirty-seven cents will raise money more than sufficient to pay the interest upon the bonds and the remainder of the old debt—stated by the defendants to be, in the aggregate, $16,500. Admit that to be so. It will not pay all the bonded debt of $35.000. If there is a surplus, after discharging the claim of $16,500, the Board cannot appropriate it to their own, or to other uses than the payment of the bonded debt. The courts will enforce the application of the tax, first, to the payment of so much of the old debt and interest as is now due, and next, the residue to the extinguishment of the principal of the bonded debt. The complaint and affidavits do not charge a fraudulent purpose in the commissioners, either in the assessment of the tax or in the intended application of it. The answer negatives any such purpose. We are to assume, then, that the Board of Commissioners are acting honestly, and in the supposed discharge of their duties. The question, therefore, is simply

one of power. That they have the power to assess and levy taxes sufficient to pay the old debt, there can be no doubt. That they are illegally abusing their powers, nowhere appears. It follows that there is nothing in the case to invoke the injunctive relief of the court. Whether the commissioners are acting prudently in this tax assessment, is a question about which minds will differ. A sinking fund may not be the best way of paying the debt. The financial history of the country is adverse to that policy, and we do not decide that the law has conferred upon the County Commissioners the authority to create a sinking fund. But they undoubtedly have the power to buy up their bonds before payable, and retire so much of the debt, and it will be a healthy sign if they can do so.

We hold that the State tax of 38 cents and the county tax of 28⅔ cents on the hundred dollars of valuation exhausts the constitutional limitation of taxation for current expenses, and that the tax of 37 cents on the hundred dollars of valuation for the payment of the old debt is legal, and that the sum to be realized thereby must be set apart and applied solely to the payment of so much of the debt and interest as may be now due, and the surplus, if any, must be applied in extinguishment of the bonded debt.

As the Board of Commissioners gave rise to this action by the illegal assessment, (which was reduced after action begun to the constitutional limit,) and as they have not, in their answer, made a clear and satisfactory exhibit of the county debt, and their own proceedings in relation thereto, they must be taxed with the costs.

There is no error.

PER CURIAM.                          Judgment affirmed.