(See the Syllabus in the preceding case of French and McRae v. TheCommissioners of New Hanover County, ante, page 692.)
The plaintiffs, for themselves and for all others who would (702) come in and be made parties to this proceeding, alleged that the defendants in the month of ______, 1875, levied upon the taxable property of Pasquotank County, a tax of one hundred cents on the one hundred dollars of taxable property, which exceeds the limit fixed by the Constitution by eight thousand dollars, or seventy-three and one-third cents on the hundred dollars of taxable property.
That the tax levied on the poll by the defendants, was only eighty cents, less than the amount levied on one hundred dollars valuation of property, in direct violation of Art. V, sec. 1, of the Constitution; and that the defendants had no right under the Constitution to levy more than eighty cents on every three hundred dollars valuation of property, that being the sum levied on the poll.
That the defendants in their order declare, that seventy-six cents of the one hundred levied, is to be used for ordinary county purposes, and the remaining twenty-four cents for the support of the poor; that said tax was not levied by the defendants to pay debts of the county contracted prior to the adoption of the present Constitution, nor for any special purpose approved by the General Assembly; nor were such taxes levied to defray the necessary expenses of the county.
That the State tax on property and polls in the county of Pasquotank for the year 1875, was $5,765.23 for every and all its purposes, while that levied for county purposes, was $12,326.64, an amount much more than double that levied by the State. That the taxes on property amount to $11,339.05, while that on polls only amount to $987.59. which is wholly iniquitous and unjust, and must have been known to the defendants at the time. *Page 526 
That the proposition to levy this tax was never submitted to a vote of the people; that the defendants have exceeded the constitutional limit of taxation, by the sum of seventy-three and one-third cents on the one hundred dollars valuation of property; and that they (703) have ordered this unjust and oppressive tax to be collected.
His Honor, upon the plaintiff's giving bond, ordered a restraining order to issue to defendants until the hearing; at the same time requiring the defendants to show cause by the 13th of November, 1875, why the injunction should not be made perpetual.
The defendants answered, denying the material allegations of the plaintiffs, and contended: That Art. IV, Sec. 1, of the Constitution, imposed a limitation only on taxes levied by the State, and not on taxes levied by the counties; that the only restriction upon taxation by the counties is contained in Art. V, Sec. 7, of the Constitution; which provides that the taxes levied by the Commissioners of the several counties for county purposes, shall never exceed the double of the State tax, except for a special purpose, and with the approval of the General Assembly; and the defendants aver, that they have conformed strictly to said Sec. 7, Art. V, in making the levy complained of.
The defendants say, that the aggregate of the State tax levied in said county in 1875, was thirty-eight cents, and not forty cents as alleged; and that under said Sec. 7, Art. V, and under an act of the General Assembly, they have full authority to make the levies as they did in the said year, 1875. They admit that they levied a tax of one hundred cents on the one hundred dollars valuation of taxable property, but deny that by so doing they exceeded the amount they were authorized to levy, seventy-three and one-third cents on said valuation as alleged, or any other sum. On the contrary, the defendants aver that seventy, of said one hundred cents, were levied for county purposes, and not exceeding the double of State tax; they had a right, under Sec. 7, Art. V, of the Constitution, and also by virtue of the provisions of an act of the General Assembly, ratified 9th of April, 1869, (Chap. 142, Laws of 1868-69,) to levy the same; that twenty-four cents (704) of said tax was for the special purpose of supporting the poor, under the express authority of the act above referred to; and that the remaining six cents was a tax to pay the interest and part of the principal of certain bonds outstanding against the county, and representing a debt contracted prior to the adoption of the present Constitution of the State; and that the taxes levied were essential and necessary for the purposes recited.
The defendants admit the levy of eighty cents tax on the poll, and that the same is less than that levied on the hundred dollars of property, but they deny that this is in violation of the Constitutional provisions referred to. *Page 527 
The defendants contend, that under the act of the General Assembly referred to, that they had a right to levy the sum of twenty thousand dollars ($20,000.00) more than double the taxes levied by the State, and that by virtue of said act, they have heretofore only levied twelve thousand, four hundred and twenty-six dollars and forty-one cents, ($12,426.41,) in excess of double of said tax; and that the amounts levied in 1870 and 1871 was for the purpose of paying debts contracted before 1868; and that thus no part of the twenty thousand dollars ($20,000,) authorized to be raised, has been expended for the specific purposes designed and recited in said act.
His Honor, upon the hearing of the complaint and answer, and argument of counsel, delivered the following opinion and judgment:
1. That for the purpose of paying the debts of the county, contracted prior to the adoption of the Constitution in 1868, taxes may be levied by the Commissioners without regard to the constitutional limitation and equation; they are therefore allowed to collect the six cents on the one hundred dollars valuation of property levied by them in 1875 for that purpose.
2. That for the payment of debts contracted since the adoption of the Constitution, and the other expenses of the county, the constitutional limitation and equation between property and poll must be observed and followed. And as the defendants this year (705) (1875,) have levied eighty cents on the poll, they are allowed to collect twenty-six and two-third cents on the one hundred dollars valuation of property, (that being one-third of said poll tax); and as to the excess over these two amounts, they are restrained and enjoined from collecting.
3. It is found as a fact by the court, that the county commissioners have levied and collected since April, 1867, fifteen thousand dollars ($15,000) to pay the debt of the county existing at that time; and for purposes other than paying the outstanding obligations of the county at that time, have collected twenty-seven thousand, one hundred and ninety-seven, 32-100 dollars, ($27,197.32,) both of which amounts were levied and collected without regard to and in excess of the limitation and equation provided for in the Constitution.
It appearing therefore, that more than twenty thousand dollars, ($20,000,) have been levied and collected for purposes other than for the payment of the outstanding obligations of the county in April, 1869, without regard to and in excess of the constitutional limitation and equation, in regard to poll and property: It is considered by the court, as a conclusion of law, from the above facts, that the defendants have no further authority to make levies of taxes under the special act of April, 1869. And the defendants are therefore ordered to collect of *Page 528 
the taxes levied this year, (1875) the six cents on the hundred dollars valuation of property, to pay the debt of the county, contracted prior to the adoption of our existing Constitution, without regard to the limitation or equation therein contained; and then to collect twenty-six and two-third cents on the one hundred dollars valuation of property, — one-third of the eighty cents poll tax; and as to the excess over these amounts, the defendants are hereby enjoined and restrained from collecting.
From this ruling and judgment by his Honor, the defendants appealed.
The principal question presented in this case is that decided in Frenchand McRae v. Commissioners of New Hanover, ante, 692. For the reasons stated in the opinion in that case, we think the Commissioners in this case have no power to levy a tax exceeding twenty-six and two-thirds cents on the hundred dollars of valuation, or a poll tax exceeding two dollars.
We also concur with the Judge below, that the Commissioners have exhausted their powers of taxation under the special act.
Let this opinion be certified.
PER CURIAM. Judgment affirmed.
Cited: Board of Education v. Comrs., 107 N.C. 112; R. R. v. Comrs.,178 N.C. 453.
(707)