WILLIAM H. FRENCH and JOHN McRAE *v.* THE CITY OF WIL-
MINGTON.

The Act of 1872–'73, chap. 144, limiting the power of cities and towns to
tax, *to one and one-half per cent.* on the value of the real and personal
property within their limits, applies to the city of Wilmingeon, the
power of taxing not being limited in its charter; subject, however, to the
qualification, that it does not operate to limit the power to tax for the
payment of any *valid* debt contracted before the passage of the Act, 3d
March, 1873.

The Constitution, while it requires taxation to be uniform on all property
within the city, and requires the observance of a certain proportion be-
tween the tax on the polls and on property, contains no limitation on the
amount of tax which cities and towns may impose.

Under the Act of 1871–'72, chap. 27, p. 32, the corporate authorities may
levy a tax over and above the limits of *one and one-half per cent.* for the
purpose of raising a Sinking Fund, to be applied to the payment of any
*valid* indebtedness incurred before the 3d day of March, 1873.

(*Trull* v. *Commissioners of Madison,* 72 N. C. Rep. 388; and *French* v. *Com-
missioners of New Hanover,* 74 N. C. Rep., 692, cited and approved.)

CIVIL ACTION, being an application for an *Injunction,* heard
before his Honor, Judge McKoy, at the October Term, 1875,
of New Hanover Superior Court.

The plaintiffs, on behalf of themselves and of the other
tax-payers of the city of Wilmington, had, on the 27th Sep-
tember, 1875, obtained an order from Judge SEYMOUR, re-
straining the defendant from levying and collecting certain
taxes, which the plaintiffs alleged to be unconstitutional,
until the matter, after due notice to the defendant, could be
heard before Judge McKoy, before whom the papers were
returnable, at the regular October Term of New Hanover
Superior Court.

On Friday, of said Term, 29th October, the defendant
moved to dissolve the temporary restraining order, granted
as above stated by Judge SEYMOUR, basing such motion upon

the complaint and answer, and the affidavits filed for and on behalf of both parties.

After argument, his Honor dissolved the restraining order granted as aforesaid by Judge SEYMOUR, and ordered the costs to be paid by the plaintiffs. From this judgment, the plaintiffs appealed.

The material allegations of the complaint and answer, and the facts necessary to an understanding of the points decided, are stated in the opinion of the Court.

*M. London* and *A. T. & J. London,* for appellants.

*Wright & Stedman* and *Russell,* contra, submitted the following brief:

There are only two material allegations in plaintiffs' complaint:

FIRST. That the levy of two per cent. is in access of the limit of the act of the General Assembly.

SECOND. That there is a large floating debt contracted in violation of the Constitution, which the city proposes to pay out of the revenues derived from current year's taxes.

The plaintiffs further claim that the sum of $110,250 is entirely sufficient to pay the interest on the bonds contracted prior to the adoption of the present Constitution, and also to provide a sinking fund for the payment of the principal of the debt of the city, contracted prior to the adoption of the Constitution, as well as the current expenses of the city, without stating the amount of the interest on said bonded debt, the amount required for said sinking fund, or the amount required for the necessary expenses of the city for the current year.

The plaintiffs further offer the affidavit of one Silas N. Martin, in which is contained an allegation that the tax levied is not uniform, in that the stock in trade of the merchants of the city has not been taxed.

The defendant says:

FIRST. That the act of the General Assembly referred to does not restrain the power of taxation of cities and towns for the purpose of paying debts contracted prior to the adoption of the present Constitution, nor of paying the interest on bonds given in exchange for others issued before the adoption of the present Constitution, nor for the payment of debts contracted prior to the passage of said act of Assembly.

The defendant shows by its tax levy that one per cent. was for the purpose of paying the interest on bonds issued prior to the adoption of the present Constitution, and that twenty cents on the one hundred dollars valuation was for the purpose of a sinking fund, for the payment of the principal of the debt of the city contracted prior to the adoption of the present Constitution, and eighty cents on the one hundred dollars valuation was for current necessary expenses for the year.

It is admitted by the plaintiffs that one per cent. is necessary to pay the interest on the bonded debt referred to, and twenty cents on the one hundred dollars valuation is necessary for the sinking fund for the principal of said debt, but they claim that the city can levy only thirty cents for the necessary current expenses.

To adopt such a construction as claimed by the plaintiff, would be to place a city with a large bonded debt, on the same footing with a town    city with no debt whatever; and to deprive the Board of Aldermen and city government of all power to raise a revenue, shown by the testimony to be absolutely necessary for the discharge of the duties imposed upon them by law.    Art. I, sec. 10, of the Constitution of the United States; *Street* v. *Commissioners of Craven,* 70 N. C. Rep., 646; *Simmons* v. *Wilson,* 66 N. C. Rep., 336; *University R. R. Co.* v. *Holden,* 63 N. C. Rep., 410; *Hill* v. *Commissioners of Forsythe,* 67 N. C. Rep., 367; *Mauney* v. *Commissioners of Montgomery,* 71 N. C. Rep. 491; *Trull* v. *Commissioners of Madison,* 72 N. C. Rep., 388.

SECONDLY. There is absolutely no testimony to show that there is a large floating debt contracted in violation of the Constitution, which the city proposes to pay out of the revenues derived from the current year's taxes. The testimony of W. P. Canaday and of Isaac B. Grainger sets this matter entirely at rest. The statement of the plaintiff is too vague to be entitled to the respect of any Court. *Cowles* v. *Carter,* 4 Ired Eq., 105 ; *Sparks* v. *Spurgin,* 3 Ired. Eq., 153.

THIRDLY. The defendant has shown conclusively that in discharge of the duties imposed upon the Board of Aldermen by law, the sum of $89,000 is necessary and indispensable for the payment of the current necessary expenses for the year, and that 80 cents on the $100 valuation, together with the income derived from all other sources, will not raise that amount.

The defendant insists that the Board of Aldermen, while acting within the sphere of their official duties, are the sole judges of what is required for the necessary expenses of the city. *Broadnax* v. *Groom,* 64 N. C. Rep., 244 ; *Street* v. *Commissioners of Craven,* 70 N. C. Rep., 646 ; 2 Dillon on Municipal Corporations, 762 ; Cooley, 480, 518 ; High on Injunctions, 201.

The defendant further insists that if an amount in the treasury is misappropriated and subsequently needed for legitimate purposes, a citizen cannot resist a necessary tax because the corporation had at a prior time misappropriated money. 2 Dillon, p. 830, sec. 732.

The defendant says that the only material allegations, if any there were, in the affidavit of Silas N. Martin have been fully and satisfactorily answered. As to that portion of his affidavit which declares that the whole tax is void because the stock in trade of merchants was not taxed, and therefore that the tax was not uniform, and was in violation of the Constitution ; that it can only be considered as an affidavit *in support* of the complaint, and, so considered, it is

entirely irrelevant and immaterial as to the allegations therein contained. If it were considered, each counter affidavit would present a new cause of action. It asks that the whole tax be declared void, while the complaint admits that three-fourths of it is legal, and only asks that the excess of one-fourth be restrained. The plaintiffs say that the Court will consider the allegation because the whole tax is void; and, therefore, as the greater includes the less, one-fourth of the tax can be restrained. The argument is entirely fallacious. The whole tax may be void on account of non-uniformity, and yet the levy of two per cent. for the purposes mentioned in the answer may be entirely legal as to amount. The Court, if it entertained the allegation and decided that the tax was unconstitutional because not uniform, could only restrain the entire tax until the lists could be revised and the stock in trade of merchants included. To restrain the whole tax list would violate the entire spirit of the complaint, which admits 1½ per cent. to be valid, and for this reason, if for no other, the Court would not consider the allegation, as the plaintiffs refused to make it a part of their complaint by amendment.

RODMAN, J. The plaintiffs, who are tax-payers of the city, complain that on January 18th, 1875, the corporate authorities levied a tax of *two* per cent. on all the real and personal property in the city, which they are proceeding to collect. They allege that the power of the corporation to tax is limited by the Act, chapter 144, of Acts 1872–'73, Schedule B, sec. 1, p. 229, to *one and a half per cent.*, and pray for an injunction against the excess.

We are of opinion that as the power to tax is not limited by the city charter, the Act cited applies, subject, however, to the qualification that it does not operate to limit the power to tax for the payment of any *valid* debt contracted before its passage on March 3d, 1873.

31

The Constitution, while it requires taxation to be uniform on all property within the city, and requires the observance of a certain proportion between the tax on polls and on property, contains no limitation on the amount of tax which cities and town may impose.

The omission was of purpose. It was unwise to establish in a law which was expected to be comparatively permanent, the same maximum rate of taxation for all the cities and towns in the State, with population and other conditions so different. These two are subject to constant change, and a maximum proper, in 1868, might be otherwise a few years later. The Constitution, therefore, almost necessarily left this duty to the Legislature, which could both perform it better originally, and could change the maximum from time to time as the conditions might change. By Art. VIII, sec. 4, it imposed on the Legislature a moral obligation to restrict the power of municipal corporations to tax and to contract debts. This obligation it has as yet imperfectly discharged. The Act cited was in obedience to this command of the Constitution, and it did enact a limitation on the power of cities and towns to tax, which is impliedly subject to the qualifications above stated.

The Constitution imposed a limitation on the power of counties to tax by Art. IV, sec. 1. And it has been settled by numerous cases that the limitation did not apply, as to debts contracted before the adoption of the Constitution. *Trull* v. *The Commissioners of Madison*, 72 N. C. Rep., 388 ; *French* v. *The Commissioners of New Hanover*, 74 N. C. Rep., 692.

The ground of these decisions is that such limitation, if applied to prior valid debts, would tend to impair the obligation of the contract, which the Constitution could not rightfully do. And it will be presumed it did not intend what in any instance might have that effect. The same principle applies to the limitation created by the act cited. To apply it to prior debts would evidently weaken the secu-

rity of the creditor, and might in some cases impair the obligation of the contract, which will not be presumed to have been intended.

It was, therefore, prospective in its application. The corporate authority may levy any tax it may think proper, with the qualifications of uniformity and proportion above stated for the *bona fide* purpose of discharging the interest and principal of any valid debt contracted before the passage of the act. For any and all other purposes they cannot exceed the limit of one and a half per cent.

We are also of opinion that under the act of 1871-'72, chap. XXVII, p. 32, the corporate authorities may levy a tax over and above the limit of one and a half per cent. for the purpose of raising a sinking fund to be applied to the payment of any valid indebtedness incurred before the 3d day of March, 1873. To raise a sinking fund to pay a debt is only to raise and lay by every year in anticipation of the maturity of the debt a sum to be applied to its payment at maturity. It is only distributing over several years a burden which would otherwise fall on one. *French* v. *Commissioners of New Hanover*, 74 N. C. Rep., 692. The sums so raised may be applied to buying in the city bonds before their maturity ; and this would be the way of applying them, least liable to loss by neglect or fraud. We are not called on to say that this is the only way in which the authorities are permitted to dispose of any sums raised for that purpose, and we express no opinion on that point.

If the money collected for the purpose of paying the interest and principal of the valid debt of the city shall be embezzled or fraudulently misapplied, the citizens who are injured have a remedy in the criminal as well as in the civil law. No such case is presented here. Nor are we called on to decide whether any part of the city debt which the defendants propose to pay is valid or not. That question must be distinctly presented upon a definite statement of facts in

respect to one or more particular debts before it can be passed on in a Court, and that is not done in this case.

Whether a tax of one and a half per cent. will raise more money than is needed for the current necessary expenses of the city, and whether an additional tax of one-half of one per cent. is needed to pay the interest of the valid city debt, and to raise a reasonable sinking fund in anticipation of the maturity of the principal, are questions which were not decided in the Superior Court, and which, therefore, are not now before us on this appeal. Certainly if a tax of one and a half per cent. will overpay the necessary current expenses, the excess should be applied towards the interest of the bonded debt. And if by that means or otherwise the tax of half of one per cent. be in excess of the purposes to which it can be lawfully applied, the collection of such excess should be restrained. These questions may come under the consideration of the Judge of the Superior Court at the hearing. We are not required to pass on them or in a condition to do so properly. We cannot say that even probably an injury will result from dissolving the injunction.

There is no error. Judgment below affirmed. Case remanded to be proceeded in, &c. Let this opinion be certified.

PER CURIAM.                                    Judgment affirmed.