B. P. CLIFTON, County Treasurer, v. JAMES C. WYNNE and others.

*Taxation—Duties and Liabilities of Collectors—Suits on Collector's Bond.*

1. The provisions of the constitution, Art. V, §§ 1, 6, prescribing the equation of taxes between property and the poll, and limiting the county taxes to double the state tax, apply only to such as are levied for ordinary county purposes, and not to such as may be necessary to pay a debt contracted before the adoption of the constitution.

2. A tax list in the hands of the sheriff is an execution, which the law will presume to have been regularly and rightfully issued, until the contrary shall be made to appear.

3. A county tax, more than double that of the state, or one which unsettles the equation between property and the poll, is not *prima facie* invalid on that account, since there are exceptional cases where such a tax would be authorized; and the court will presume, in the absence of rebutting evidence, that such a case has arisen, under the maxim, "*omnia præsumuntur rite esse acta.*"

4. Where the illegal portion of a tax is clearly severable from the rest, it is the duty of the collector to proceed with the collection of so much as is lawful.

5. A tax, though illegal and avoidable by the tax payer, when collected under process and by color of office, cannot be retained by the collector, but must be accounted for to the proper party; and a failure to so account will subject the collector's official bond.

6. The county treasurer is the proper relator in a suit on the sheriff's official bond to recover the taxes collected for school purposes.

7. The fact that the state and county taxes have been accidentally blended and confused on the tax list does not exonerate the collector

10

CLIFTON *v.* WYNNE.

from the duty of paying each tax to the party entitled. The amount due the state can readily be discriminated from the rest by reference to the statute imposing the tax.

(*Haughton* v. *Com'rs of Jones,* 70 N. C., 466; *Street* v. *Com'rs of Craven, Ibid.,* 644; *Brothers* v. *Com'rs of Currituck, Ibid.,* 726; *Trull* v. *Com'rs of Madison,* 72 N. C., 388; *French* v. *Com'rs of New Hanover,* 74 N. C., 692; *State* v. *McIntosh* 7 Ire., 68; *Cody* v. *Quinn,* 6 Ire., 191; *Gore* v. *Mastin,* 66 N. C., 371; *Hewlett* v. *Nutt,* 79 N. C., 263; *Com'rs of Wake* v. *Magnin,* 78 N. C., 181, cited and approved.)

CIVIL ACTION upon a Sheriff's Bond, tried at Fall Term, 1878, of FRANKLIN Superior Court, before *Kerr, J.*

The exceptions constituting the basis of the decision of this court are embodied in its opinion. Both parties appealed from the judgment of the court below.

*Messrs. C. M. Cooke* and *A. W. Tourgee,* for plaintiff.

*Messrs. Reade, Busbee & Busbee* and *A. M. Lewis,* for defendants.

SMITH, C. J. While numerous exceptions are shown in the record to have been taken by both parties during the progress of the cause, all such as have been contested in the argument before us are contained in three propositions of the defendants' counsel:

1. The taxes levied for state and county purposes were eighty-eight cents on property of the value of one hundred dollars, and two dollars and sixty-four cents on the poll; preserving the equation, but in excess of the constitutional limit by twenty-one and one-third cents in the first, and sixty-four cents in the latter; and by reason thereof the entire assessment is illegal and void, at least as to the county levy, and the defendant's official bond is not liable therefor.

2. The school tax should be sued for on the relation of the board of education of Franklin and cannot be claimed in this action.

3. The county tax being divided in the list, the one-half part unaccounted for, which is blended with the state tax, in the column appropriated to the latter, cannot be recovered by the relator, of the sureties to the bond.

The court ruled against the last two propositions and in favor of the first, and gave judgment against all the defendants for the sum of $1,505.37 collected under schedule B of the revenue act, and against the defendant Wynne alone for the sum of $7,655.42, the residue of the county taxes collected and not paid over. From the judgment both parties appeal to this court.

There is error in the ruling of the court that the official bond is not liable for the whole amount due.

1. The tax list made out by the board of county commissioners is not upon its face illegal and void, because the assessment is in excess of the limits prescribed in the constitution. The restraint there imposed upon the taxing power applies to *taxes levied to meet the ordinary expenses* of county government, but does not extend to such as may be necessary for the payment of obligations incurred before its adoption. In such case the equation of the property and poll tax may be disregarded, and the limits exceeded. This is expressly decided in *Haughton* v. *Com'rs of Jones*, 70 N. C., 466; *Street* v. *Com'rs of Craven, Ibid.*, 644; *Brothers* v. *Com'rs of Currituck, Ibid.*, 726; *Trull* v. *Com'rs of Madison*, 72 N. C., 388; *French* v. *Com'rs of New Hanover*, 74 N. C., 692.

In the first case cited, READE, J., says: "It is true as contended for the plaintiff that as a general rule the county commissioners cannot levy for county purposes a tax more than double the state tax. Const. Art. V., § 7. But that provision was not intended to apply to taxes laid to pay debts existing at the time of the adoption of the constitution, and if it had so intended, it would have been in conflict with the constitution of the United States as impairing the obligation of contracts."

In *Street* v. *Com'rs of Craven*, a tax of a half cent was put upon the poll and two dollars upon the one hundred dollars valuation of property to provide for debts contracted before the year 1868, and the court declared it to be "within the power of the board of commissioners to levy it," and that their discretion could not be controlled.

If then the commissioners had authority to prepare and deliver such a tax list to the sheriff for collection upon the maxim " *omnia præsumunter rite esse acta,*" he may assume the existence of such necessary facts as give the jurisdiction and render process emanating from it regular and proper. *State* v. *McIntosh*, 7 Ire., 68. The form of the tax list does not disclose the particular use to which the moneys assessed for county purposes are to be applied, and hence it does not appear that the taxes levied fall within the restrictive clause of the constitution. The process is void only, conferring no power and imposing no duty, when the illegality is patent, or it issues from incompetent authority. The county commissioners are invested with full and exclusive jurisdiction under the restraints of law to levy such county taxes as the public interest may require, and their action in making an assessment and delivering the tax list to the collector, has been assimilated to and substantially is an exercise of judicial power and governed by the same rules. It is so declared in *Cody* v. *Quinn*, 6 Ire., 191, and in *Gore* v. *Mastin*, 66 N. C., 371. In the last, BOYDEN, J., referring to the tax list, uses this language: "This list thus prepared and furnished the sheriff constituted the authority of the sheriff for the collection of the taxes and was of the same *force and effect as an execution* issuing from the county court upon a judgment therein rendered in the matter of which the same court had jurisdiction. It was no part of the duty of the sheriff to enquire whether these taxes were properly laid or not." The principle has been incorporated in the revenue law, and it is declared " the clerk shall endorse on the copies

of the tax lists given to the sheriff an order to collect the taxes therein mentioned, and such order shall have *the force and effect of a judgment and execution* against the property of the person charged in such list." Acts 1876–'77, ch. 155, § 22, and the form of the order is therein prescribed.

2. The taxes contained in the list being apportioned *per capita* and upon the *ad valorem* principle on property and the excess easily severable from the authorized amount, the lawful tax may be collected and the assessment is not wholly void.

This proposition seems so manifest as scarcely to require citation of authority in its support. We will refer to a single case. In *Moore* v. *Alleghany City,* 18 Penn., St. Rep., 55, this question came up for consideration, and the court say: "It may be that in a contest between the assessors and tax payer, an illegal tax, so incorporated with a regular assessment as to be undistinguishable, may vitiate the whole. But from the manner in which assessments are usually made and returned on different species of property, this is hardly possible, and it is not to be doubted that if part of assessment be legal and part illegal, the former, if it can be separated, may be enforced irrespective of the latter." In our case no difficulty whatever is met in discarding the excess and collecting the admitted lawful part of the tax. We should be reluctant to hold that the incorporation of a small *ad valorem* tax illegal only because of its excess, in a revenue act, should arrest the machinery put in motion for its collection, and obstruct the administration of the government for want of means to carry it on. The consequences of such a doctrine must be its answer and refutation. In *Trull* v. *Commissioners of Madison,* 72 N. C., 388, the court restrained the collection of the excess only, it being easily ascertained.

3. The tax, though part of it be illegal and avoidable by the tax payer, when collected under process and by color

of office, cannot be retained by the collector, but must be accounted for to the proper party. The sheriff who has used the tax list and made the collection under its authority will not be permitted to say that he made the collection illegally and will not pay what he has received. The authorities are full and decisive upon this point.

"If the collector receives the money to the use of the public," says COOLEY, J., "he should account for it, and it is immaterial that those who have paid it might successfully have resisted the collection from them." Cooley Taxation, 497, 498. "Even an *unconstitutional tax once collected,* the collector has no right to retain, but should account as in other cases." *Ibid.,* 498.

So Judge BURROUGHS, in his work on taxation, says: "The collector is liable to the state for the amount of taxes on his roll, when it is a valid one, and even on an invalid one to the extent of the moneys collected." § 264.

The general doctrine of the liability of the official bond of the collector for taxes illegally assessed but collected from the tax payer is stated and supported by numerous references in Brandt on Suretyship, § 447. We will refer to some of them.

In *McGuin* v. *Bry,* 3 Rob. (La.), 196, the illegality of the appointment of the collector and of the assessment was relied on to defeat a recovery on his official bond, and the court say: "By accepting the tax roll and giving bond, Williams and his sureties recognized the authority of the police jury, and it is too late now to contest the validity of these ordinances, after having acted under them and *received the money* taken from the pockets of the people in compliance with their authority."

In *Mississippi County* v. *Jackson,* 51 Mo., 23, BLISS, J., who delivers the opinion, says: "Defendants further contend that the county court had no right to make the assessment, called the jail tax, and therefore all that was collected upon it was

a voluntary gift, and the collector is not holden on his official bond for not paying over the same.   To this it may be replied, the collector is estopped from setting up the fact even if it were true.   Armed with his tax list and demanding payment according to such list, the payments he receives are made to him in his official character, and he will not be permitted to say that he acted illegally and is not therefore responsible for money collected."   The same doctrine is held in Maine and Massachusetts.

In *Fort* v. *Clough,* 8 Greenl., (Me.), the court say in an action on a collector's bond for not paying moneys collected, the sureties cannot " controvert the legality of the meeting at which the collector was chosen, nor *the legality* of the assessment of taxes antecedent to their commitment to him." And again in *Johnson* v. *Goodrich,* 15 Maine, 29, the same court declare that the official bond is responsible for taxes voluntarily paid to him, although he has received no collector's warrant and the *tax bills are imperfect and illegal.*" These decisions are cited and approved by APPLETON, J., in *Inhabitants of Drono* v. *Widgewood,* 44 Maine, 49, and the principle applied in that case.

In *Sandwich* v. *Fish,* 2 Gray, (Mass.), 298, SHAW, C. J., uses this language : " Defects in the warrant or tax list might be a good excuse for not executing the warrant.  But to say that a collector who has collected the money without objection by the tax payers, is not liable to account therefor, would be as contrary to the rules of law as to justice."   In consonance with these decisions is the recent case of *Hewlett* v. *Nutt,* 79 N. C., 263.   The defendant was sued as surety on the clerk's bond for the non-payment by his principal of moneys taxed in certain civil suits and paid into his office. The defence was set up that these taxes were unauthorized by law.   The court held that they were lawful, and READE, J., says : " This is answered by what we have said that the statute authorizing the tax is in full force.   But if it were

not, the court would not patiently hear the defendant controvert the authority of a statute which he assumed to be in force and under which he received money for the public and refused to pay it over."

4. The exception to the right of the relator to prosecute the action for the default in not paying over that part of the county tax levied for public schools, has not been pressed in the able and exhaustive argument in behalf of the defendants, and we will briefly dispose of it.

The county commissioners constitute the board of education for their respective counties, and the county treasurer, as such, receives and disburses all public school funds. Bat. Rev., ch. 68, §§ 32, 34. The school tax is a county tax for a specified object, and must be collected by the sheriff in money, and he shall be subject to the same liabilities for the collection and accounting for said tax, as he is or may be by law in regard to other county taxes. § 50. *Com'rs of Wake* v. *Magnin,* 78 N. C., 181. The fund, therefore, when collected, will pass into the hands of the relator, and he may maintain the action for this breach of the bond.

5. The last point remaining to be considered is the effect of the association of half of the county tax with the state tax upon the right of the county to that part of the fund.

It is quite clear that unless this money can be recovered for the use of the county, it cannot be recovered at all. The state tax is determined and fixed by statute, and when the amount thus assessed has been paid to the public treasurer, the sheriff's duty in that regard is fully discharged. It would be an answer to any action on the part of the state to show that the entire tax levied for the state had been duly paid into the treasury. Nor in our opinion, however improper was this intermixing of funds, due different political bodies, on the list according to which they were to be collected, has the county thereby lost its right to claim and recover what was in fact assessed for county purposes. The.

CLIFTON *v* WYNNE.

officer was aware that half the county tax had been placed in the wrong column, and the reasons for so doing, and this information, easily arrived at also by a single numerical calculation, enables him to discriminate between the sums due to the state and to his county.   The sum actually collected for county purposes and upon a county assessment, must be paid to the county authorities for the use and ben·efit of the tax payers and others therein.   To deny the relator's right of action is to affirm the right of the collector, after receiving by virtue of his office a large sum from the tax payers, to retain and appropriate one-half to his own use without accountability to any one, a doctrine alike repugnant in the words of SHAW, C. J., "to the rules of law and to justice."

The numerous decisions cited by defendant's counsel and the analogies deduced from them are not in our opinion in conflict with the views we have expressed or the conclusions to which they lead.   There is here no want of competent authority to issue the tax list, nor any defect rendering it illegal, apparent upon its face.   The alleged irregularity lies behind the process and arises out of facts with notice of which a ministerial officer is not chargeable, and in such cases the warrant should be obeyed, and it affords protection to those who act under it.

There is error, in that the judgment is not against the sureties as well as against the principal for the whole amount of taxes collected and unaccounted for.   The action is upon the bond and the liability of the obligors is one and the same.   The judgment must be rendered against all the dedefendants.

PER CURIAM.                                           Error.

----

NOTE—SMITH, C. J.   The appeal by defendants and the exceptions therein are disposed of in the plaintiff's appeal.   No error.