STATE ex rel. COUNTY BOARD OF EDUCATION v. THE COM-
MISSIONERS OF CURRITUCK COUNTY.

*Constitutional Limitation of Taxation—State and County
Taxes—Levy—School Taxes.*

1. The constitutional limitation of taxation for ordinary State and county
   purposes is 66⅔ cents on the hundred dollars' worth of property.
2. A levy beyond the limitation is void.
3. The taxes levied for the State are paramount to, and take precedence
   over, taxes levied for county purposes.
4. The tax of 12½ cents on the hundred dollars' worth of property for
   school purposes, is a State tax, and placing it upon the levy as a
   county tax, by the county authorities, does not change its char-
   acter—their levy is void.
5. The county authorities levied a tax of 41⅔ cents on the hundred dollars'
   worth of property; the State, by statute, levied a tax of 41¼ cents;
   15¼ cents, an amount equal to the school tax and the pension tax,
   was collected under the head of county taxes; the Treasurer held
   in his hands an amount equal to the school fund: *Held*, in an
   action for this fund, by the County Board of Education against
   the County Commissioners, that they were entitled to recover.

This was a CIVIL ACTION, tried at Spring Term, 1890, of
CURRITUCK Superior Court, before *Whitaker, J.*

This action was brought in the name of the State on rela-
tion of "The County Board of Education," against the
Board of Commissioners of the County of Currituck, the
Treasurer and Sheriff of that county, to compel the defend-
ants to pay to the relators the sum of money specified and
demanded in the complaint for the purposes of the free
public schools of the county named. The following is a
copy of the material parts of the complaint:

1. That the defendants, the Board of County Commis-
sioners and the Magistrates of Currituck County, at their
regular meeting in June, in 1889, at which meeting it was
their duty to levy the taxes for said year, levied on the hun-

dred dollars' worth of property 41⅔ cents for county purposes—the State having levied 25 cents on the hundred dollars' worth of property—and failed and refused to levy 12 cents, or any other sum, on the hundred dollars' worth of property for school purposes, as prescribed by section 2589 of *The Code.*

2. The sum of 41⅔ cents, levied as aforesaid, was necessary to defray the many expenses of the county government, and the same could not be met with a smaller levy.

3. That the taxable property listed in said county for the year 1889 amounts in value to $696,422.19, and the tax-list, as levied, went into the hands of the Sheriff of the county, and was by him collected and paid into the hands of defendant Treasurer of said county, who has in hand now of the same the sum of $871, which is sufficient to pay 12½ cents named by the plaintiff for and due the school fund, but, if taken, would leave the county without sufficient funds to pay its ordinary and necessary expenses.

4. That the said Treasurer is about to pay out all the funds now in his hands as aforesaid, upon orders of the County Commissioners, in the ordinary course of the business of the county, which will not leave any fund out of which can be levied and collected the 12½ cents for the school fund.

5 That all the school fund arising from all other sources than the 12½ cents mentioned in item 1 of this complaint, is exhausted, and unless the said 12½ cents are given to the schools, the same will be entirely *without* the means of having public schools for four months.

1. It does not appear that it was the duty of the Commissioners and Justices of the Peace to make the levy of 12½ cents set forth in the complaint, nor the duty of Cowell, Treasurer, to pay the same to the plaintiff or retain it for plaintiff.

2. It appears that the tax already levied is equal to the full limit allowed by the Constitution.

3. It appears that the tax assessed of 41 cents for county purposes is not more than sufficient to provide for the same, and if 12½ cents be deducted, as demanded, the county will be left without means to pay its ordinary and necessary expenses.

4. It appears that the said Commissioners and Justices met and performed their duties, as they understood them, at the time and place required by law, and that they have no authority to reconvene and make the levy at any other time.

5. It appears that the facts stated are insufficient to entitle the plaintiff to the writ of *mandamus* against said Commissioners and Justices of the Peace.

The Court overruled the demurrer and gave judgment for the plaintiff, and the defendants, having excepted, appealed.

*Mr. Theo. F. Davidson*, Attorney General, for plaintiff.
*Mr. W. D. Pruden*, for defendants.

MERRIMON, C. J.—after stating the facts: It is settled by many decisions of this Court that the *equation and limitation of taxation* established by the Constitution (Art. 5, § 1) prohibits and prevents the levy of a greater capitation tax than two dollars on each taxable poll, and a tax for the equal amount on property valued at three hundred dollars in cash, to raise revenue for the *ordinary* purposes of the State and county governments. This is equal to a tax levy of 66⅔ cents on property valued at one hundred dollars in cash. For such purposes, the whole tax levy cannot exceed the sums mentioned. *Railroad* v. *Holden*, 63 N. C., 410; *Mauney* v. *Commissioners*, 71 N. C., 486; *Trull* v. *Commissioners*, 72 N. C., 388; *French* v. *Commissioners*, 74 N. C., 692; *Griffeen* v. *Commissioners*, id., 701; *Clifton* v. *Wynne*, 80 N. C., 145; *Barksdale* v. *Commissioners*, 93 N. C., 472.

The taxes for the State are levied by statute, and before the levy for the several counties, by the proper county authorities; and hence, as well as for other reasons, the tax levy for the State is paramount, has precedence and must prevail to the exclusion, if need be, of the like levy for the county, unless otherwise provided by statute. And, moreover, the several counties can only levy taxes to meet the *ordinary* expenses of the county government within the limitation of taxation mentioned, and to the extent the power of taxation for ordinary State and county purposes has not been exhausted by the levy for the State. Any levy for such purpose beyond this limitation would be void, because in violation of the Constitution and without authority.

The statute (Acts 1889, ch. 216, § 3) prevailing at the time the defendant Commissioners and Justices of the Peace undertook and purported to make the tax levy in question, levied a tax for the ordinary purposes of the State of 25 cents on property of the value of one hundred dollars. The other statute (*The Code,* § 2589) also levied a tax of $12\frac{1}{2}$ cents on property of the like value, for the support of the public schools; and the other statute (Acts 1889, ch. 198, § 17) also levied a like tax of 3 cents for pensions. Thus the tax levy for the ordinary purposes of the State was $40\frac{1}{2}$ cents on property of the value of one hundred dollars. This left the county authorities named at liberty, within the limitation, to levy a tax for ordinary county purposes of only $26\frac{1}{6}$ cents on property valued at one hundred dollars. For the reasons already stated they could not exceed that sum. Hence the levy they undertook to make in excess of it was void. The levy made by them was valid only to the extent of $26\frac{1}{6}$ cents on property valued at one hundred dollars.

The levy of $12\frac{1}{2}$ cents school tax for the State, and 3 cents for pensions was not formally and specifically set forth in the tax list, a copy of which was directed and delivered to

107—8

the Sheriff, as directed by the statute (Acts 1889, ch. 216, § 38), as it should have been. Nevertheless, the Sheriff, as tax collector, collected as taxes a sum of money equal to the whole levy for the State, as explained above, and also the lawful levy for the county, to-wit, 26¼ cents for the county. The excess of this levy collected as for the county could not, did not, make it belong to the county; the latter was not entitled to have it, because, as to it, the levy for the county was void, it being to that extent in excess of the limitation of taxation. Although the money was so collected as taxes for the county, it, in contemplation of law, belonged to the State by virtue of the levy for public schools. The mere fact that it was collected as taxes under an improper head, informally and under misapprehension, could not entitle the county to have it, nor could such fact deprive the State of the right to have it by virtue of the lawful levy for a lawful purpose. · To place the tax levied by the statute on the tax-list, was not essential to create the right of the State. If the county authorities had undertaken to levy and collect taxes for county purposes to the amount of sixty-six and two-third cents on property of the value of one hundred dollars, ignoring the statutory levy for the State, this surely could not have the effect to deprive the State of so much of the taxes collected as might be embraced by the levy for it. In such case it would be the duty of the Sheriff to account and pay to the State its part of the taxes collected. From the tax list the State's share could be readily ascertained. *Clifton* v. *Wynne, supra.* The money in question, therefore, belongs to the State.

Judgment affirmed.