R. P. WILLIAMS v. COMMISSIONERS OF CRAVEN COUNTY.

*Injunction—Taxation—Constitutional Limit—Special Tax—Special Purpose.*

1. Where a statute authorizing the levy of a tax beyond the constitutional limit for a special purpose is *infra vires*, the taxes collected beyond the requirements of the special purpose may be turned into the general fund and used for general purposes, but where the act authorizes the levy partly for a "special purpose" and partly for general purposes it is *ultra vires* and no part of the levy can be collected.

2. Where an act (Chapter 201, Laws of 1895) authorized the commissioners of a county to levy a special tax in excess of the constitutional limit, "for the special purpose of maintaining the free public ferries of said county and maintaining, constructing and repairing the bridges in said county, and meeting the other current expenses of said county;" *Held*, that the levy for "meeting the other current expenses of the county" was not a levy for a "special purpose" within the meaning of the exception to Section 6 of Article V. of the Constitution, and rendered void the whole act in respect to the levy for the other purposes named, and the collection of the whole should be enjoined.

CLARK, J., dissents *arguendo*, in which AVERY, J., concurs.

CIVIL ACTION, to enjoin the Commissioners and Sheriff of CRAVEN County from the levy and collection of a special tax, under Chapter 201, Acts of 1895, heard before *Boykin*, *J.*, at Fall Term, 1895, of CRAVEN Superior Court. The provisions of the act are set out in the opinion of Associate Justice FURCHES.

His Honor refused the injunction, and plaintiffs appealed.

WILLIAMS v. COMMISSIONERS.

*Messrs. Clark & Guion*, for plaintiffs (appellants).
*Messrs. C. R. Thomas, M. De W. Stevenson* and *MacRae & Day*, for defendants.

FURCHES, J.: This case comes to us upon the appeal of the plaintiff from an order of *Boykin, J.*, refusing an injunction against the levy and collection of a special tax.

The general power of the Legislature to levy taxes is restricted by the Constitution to 66⅔ cents on one hundred dollars valuation of property. Article V., Section 1. And Article V., Section 6 restricts the power of the counties to double the amount levied for State purposes. But both these levies, for State and county purposes together, shall not exceed the constitutional limit of 66⅔ cents on the hundred dollars. *University* v. *Holden*, 63 N. C., 410. But Section 6 contains an exception to this general provision in the following terms, "except for a special purpose and with the special approval of the General Assembly."

It is admitted that this tax, which plaintiffs seek to enjoin, is over and above the general constitutional limit of 66⅔ cents. But defendants contend that it is authorized by the exception to Section 6, and that the act of the General Assembly passed and ratified on the 11th day of March, 1895, authorizing this levy for the years 1895 and 1896, is in compliance with this exception. And defendants rely specially on the following language contained in said act, to-wit: "To levy a special tax upon the taxable property, real and personal, and the polls of said county, for the special purpose of maintaining the free public ferries of said county, and maintaining, constructing and repairing the bridges in said county, and meeting the other current expenses of said county in said years."

It has been held by this Court that the building and

repairing of public bridges is a part of the ordinary expenses of a county. *Brodnax v. Groom*, 64 N. C., 244. But for the construction given to Article V., Section 6, in *Brodnax v. Groom, supra*, I would have been of the opinion that the language contained in this Act of 1895, "for the special purpose of maintaining the free public ferries of said county, and maintaining, constructing and repairing the bridges in said county," was not a compliance with the exception contained in Section 6, Article V. of the Constitution ; that it was not "for *a special purpose*," "to maintain free public ferries, and to build, repair and maintain free public bridges." But I must admit that *Brodnax v. Groom, supra*, seems to justify this construction. And while I have no disposition to disturb *Brodnax v. Groom*, which has stood for more than a quarter of a century and has been cited with approval in many cases, yet in my opinion it went to the verge and should be allowed to go no further.    This act, as it appears to me, goes much further than the act which the Court was construing in *Brodnax v. Groom*. If the language already quoted does not go further than the act construed in *Brodnax v. Groom*, the following, which is a part of the paragraph of the Act of 1895 quoted from, to-wit, "*and meeting the other current expenses of said county in said years*," does, in my opinion, go a bow-shot further. If this language can be construed to mean "*a special purpose*," I am incapable of conceiving what would not be a special purpose. If these other "current expenses of the county" are not for "a special purpose," then they are unconstitutional, *ultra vires*, and their collection cannot be enfo ced.

This proposition, it seems to me, is not met squarely in the opinion of the Court. It attempts to parry its force by saying in substance : If this provision had not been in

the act it would have been constitutional; and if there had been any surplus after maintaining the free ferries, and building, repairing and maintaining the free public bridges, the commissioners might have appropriated it to other purposes. And *Long* v. *Commissioners*, 76 N. C., 273, is cited as authority for this position. But this case, in my opinion, does not sustain the position of the Court. To make the case of *Long* v. *Commissioners, supra*, authority for the purpose for which it is cited by the Court it is necessary to assume the constitutionality of the act, the very question at issue. This case expressly decides that where it is unconstitutional it is *ultra vires* and the tax cannot be collected. It is only where the tax levied is *infra vires* that it may be appropriated to another purpose if not needed for the purpose for which it was levied. And besides its being so decided in *Long* v. *Commissioners, supra*, it is logically so. In fact, it is a self-evident proposition, because there can be no surplus to appropriate if it cannot be collected. There is a broad distinction between what may result from lawful legislation and the cause producing or creating unconstitutional legislation.

I have been unable to find any authority sustaining the *infra vires* of this act, and to my mind it is "so plainly" in violation of the Constitution that I cannot give it my sanction and approval. In my opinion the injunction should have been granted. There is nothing in the record to show that the tax has been collected.

(This was written as a dissenting opinion, but was adopted as the opinion of the Court.)

Error.

CLARK, J. (dissenting): The denial of the first application for a restraining order for want of a material averment is no obstacle to this second application in sufficient

form.   *Halcombe* v. *Commissioners*, 89 N. C., 346, distinguishing *Jones* v. *Thorne*, 80 N. C., 72.

If the special levy herein had been authorized solely for the two purposes first named, of maintaining free public ferries, and maintaining, constructing and repairing the bridges in said county, the validity of the act could not have been gainsaid.   If the act had authorized the special levy for the purpose of supplying " a deficiency in the current expenses of the county " we find nothing in the Constitution to forbid it.   Indeed, as the county cannot go beyond the constitutional limitation in levying taxation without special permit of the Legislature, when the sum raised by the ordinary rate is not enough to pay the current expenses, the only relief is to apply to the Legislature for authority to exceed the limit.   Const., Article V., Section 6.   And this has been the course pursued ever since the Constitution of 1868 was adopted whenever the current receipts of a county have not been sufficient to pay its current expenses.   A county need not first get into debt and then get permission to levy the tax.   The Legislature in its discretion may authorize the extra taxation whenever satisfied that it is necessary, of which necessity the General Assembly is the sole judge.   Here the Legislature unites in one act the three purposes above recited as those for which this special levy is authorized.   There is nothing in the Constitution forbidding this or authorizing us to declare the act unconstitutional on that account.

The commissioners of a county are authorized by the Constitution, Article VII., Section 7 to create debts for necessary expenses without the approval of a majority of the qualified voters (*Evans* v. *Commrs.*, 89 N. C., 154) and are to judge of what expenses are necessary.   *Brodnax* v. *Groom*, 64 N. C., 244 ; *Halcomb* v. *Commissioners, supra ; Vaughn* v. *Commissioners,* 117 N. C., 429.   Neither sound

principles of political enconomy nor any provision of the Constitution requires that indebtedness for such necessary expenses should be incurred at a heavy discount in county paper before the Legislature will authorize a tax levy to pay it. It is as much a " special purpose " if the Legislature, being satisfied that the current rate of taxation is insufficient to pay the current expenses of a county, authorizes by a special act the special tax in the beginning of the inevitable deficit, as after it has been incurred.

Besides, the other two purposes of this special tax (roads and bridges) are admittedly constitutional, and this Court has held, as recently as *McCless* v. *Meekins*, 117 N. C., 34, (opinion by MONTGOMERY, J.,) that in such case the act, being valid in part and invalid in part, the fund will be held for the benefit of the valid purposes of the act, and in *Trull* v. *Commissioners*, 72 N. C., 388, that only the collection of the invalid part can be restrained; and here it cannot be seen till the end of the year that in fact any part of this special tax will be in excess of the expenses for roads and bridges. *Clifton* v. *Wynne*, 80 N. C., 145. To reverse the court below and order the injunction to issue is objectionable : (1) Because it would restrain taxes for special purposes admittedly legal; (2) because the taxes, having already been collected since the dissolution of the injunction, (December 2, 1895,) it would be a vain thing to restrain an act already accomplished.

Indeed, if the levy had been authorized for the first two purposes only, and a surplus had been raised, it would have gone into the county treasury to meet current expenses, without any further authorization in the act. *Long* v. *Commissioners*, 76 N. C., 273. That is the effect of this

act, and it cannot be that a course which, if tacitly pursued, is legal, becomes illegal because expressly authorized. The restraining order was improvidently granted, and the injunction to the hearing was properly denied.

AVERY, J. : I concur in the dissenting opinion.