HOKE, J., concurs in result; CLARK, C.J., dissenting.
This is an action to recover the amount of a tax levy of five cents paid under protest.
The parties have agreed upon the following facts:
"1. That in the year 1918 the commissioners of Bladen County levied taxes for ordinary county purposes, which, with the State taxes, amounted to sixty-six and two-thirds cents on property of the value of $100, and in addition thereto levied a special tax of fifteen cents for schools, and in addition thereto, levied a tax of five cents, which last tax is the tax in controversy in this action.
"2. That the taxes so levied in 1918, and referred to in the last preceding paragraph, are itemized as follows:
State tax for general purposes ................................ 23 2/3 State tax for pensions ........................................ 4 State tax for schools ......................................... 20 ------ Total State tax levied under sec. 3, ch. 231, Public Acts of 1917, being the 1917 Revenue Act .......................... 47 2/3 Add general county tax ........................................ 19 ------ 66 2/3 Add special school tax levied under sec. 8 of ch. 33, Public Acts of 1913 ................................................ 15 ------ 81 2/3 Add county tax levied under chapter 101, Public-Local Acts of 1917, which is the tax involved in this action .............. 5 ------ Making total tax levied in 1918 on $100 valuation ......... 86 2/3
"3. That none of the aforesaid taxes levied in 1918 were submitted to a vote of the people."
The plaintiffs have paid all of the taxes levied, and they make no contest as to any except the tax of five cents, levied in excess of 66 2/3 cents on property of the value of $100 to meet current and necessary expenses of the county. *Page 483 
The statute under which the defendant claims authority to levy the tax is chapter 101, Public-Local Laws 1917, the (451) material part of which is as follows:
"Section 1. That the board of commissioners of Bladen County are hereby directed to examine, on or before the first Monday in June of each year, the tax abstracts for the current year, and if, upon such examination, it shall appear that the taxes which the board are authorized to levy, after deducting from the 81 2/3 cents on the $100 worth of property, the taxes levied by the State for general purposes, for pensions and for schools, and the fifteen cents special school tax, will not be sufficient to meet the current and necessary expenses of the county for the current year, then the said board of commissioners shall be, and are hereby, authorized, empowered, and directed to levy and collect, in addition to said 81 2/3 cents, a sufficient amount of taxes on all the tangible property and polls within said county of Bladen to meet the current and necessary expenses of the county, said additional tax not to exceed ten cents on the $100 valuation of property, and thirty cents on the poll, and in levying and collecting such tax the constitutional equation between property and poll shall be observed."
Judgment was rendered in favor of the plaintiffs, and defendant excepted and appealed.
The facts in R. R. v. Cherokee, 177 N.C. 86, are almost identical with those in the record now before us, and the principles therein announced are decisive of the present appeal.
In that case the county of Cherokee levied a tax of 2 2/3 cents in excess of 66 2/3 cents on property of the value of $100, for the purpose of taking up a note in bank and paying other current expenses, acting under a statute which authorized the commissioners to levy a special tax in excess of the constitutional limitation not to exceed five cents on property to provide for any deficiency in the necessary expenses and revenue of the county, and it was held that the plaintiff, who had paid under protest, was entitled to recover it.
We then said, after quoting Art. V, sec. 1 of the Constitution: "This section commands two things:
"`1. That the poll tax shall always be equal to that on $300 valuation of property. This has been called the equation of taxation.
"`2. That the State and county poll tax shall not exceed $2. *Page 484 
This fixes the limit of taxation on polls, and consequently on property.
"These two directions are equally definite and positive; they are in no wise inconsistent with each other; it is impossible that one has any more favor or sanctity than the other merely because (452) it comes earlier or later in the sentence; they must be equally binding on the Legislature.' Rodman, J., in Winslowv. Weith, 66 N.C. 432.
"`It is well settled that, for the ordinary expenses of government, both State and county, the first section of Art. V of the Constitution places the limit of taxation and preserves the equation between the capitation and the property tax — the capitation tax never to exceed $2, and the tax upon property valued at $300, to be confined within the same limit.' Boardof Education v. Comrs., 111 N.C. 580.
"`The taxes which the commissioners are empowered to levy have their limitations in the Constitution, and these cannot be exceeded "except for a special purpose and with the special approval of the General Assembly." Const., Art. V. secs. 1 and 6. The construction of these clauses has been fixed by a series of decisions, from one of which (French v. Comrs.,74 N.C. 692) we extract the emphatic declaration of Bynum, J.: "It admits of no dispute now that taxation for State and county purposes combined cannot exceed the constitutional limitation for their necessary expenses and new debts." Trull v. Comrs., 72 N.C. 388; Clifton v. Wynne,80 N.C. 145; Maune v. Comrs., 71 N.C. 486; Cromartie v. Comrs.,87 N.C. 139."
And again, after quoting Art. V, sec. 6: "These two sections must be considered and read together with the purpose in view of giving effect to both, and a construction must be avoided which will make one destructive of the other, which would be the result if the commissioners could exceed the constitutional limitation under authority of section 6 for general purposes, and under general laws, because under such a construction the General Assembly could levy a State tax up to the limitation under section 1, and then pass a general law under section 6, allowing the counties to levy the same tax for county expenses."
The Cherokee case has attracted much attention, because it has stood in the way of some improvements that were needed, and of others very much desired, but it declares no new principle, and, on the contrary, simply adheres to the uniform and consistent construction of the Constitution since R. R. v. Holden, 63 N.C. 410, and was affirmed at the last term by the unanimous opinion of the Court in Parvin v. Comrs., 177 N.C. 509, in which the Court says, after referring to the Cherokee case: "In that case the tax was intended to *Page 485 
provide for past deficits in the revenues for ordinary and necessary county expenses, and fell directly within Art. V, sec. 1 of the Constitution, prescribing the limitation and equation of taxation, and not within sec. 6 of that article."
This Court said, in French v. Comrs., 74 N.C. 696: "It admits of no dispute now that taxation for State and county purposes combined cannot exceed the constitutional limitation for their necessary expenses and new debts. . . . If what are often miscalled the necessary expenses of a county exceed the limitation (453) prescribed by law, the necessity cannot justify the violation of the Constitution. In such cases two remedies are open to the county. One is to apply to the Legislature, if the tax is required for a special purpose. The Constitution, Art. V, sec. 6, empowers the Legislature in such cases to give a special approval for an increased levy. The other and better way, however, is to reduce the expenditure. . . . We hold that the State tax of thirty-eight cents, and the county tax of twenty-eight and two-thirds on the hundred dollars of valuation exceeds the constitutional limitation of taxation for current expenses."
In Cromartie v. Comrs., 87 N.C. 134: "The taxes which the commissioners are empowered to levy have their limitations in the Constitution, and these cannot be exceeded except for a special purpose and with the special approval of the General Assembly. Const., Art. V, secs. 1 and 6. The construction of these clauses has been fixed by a series of decisions."
In Board of Education v. Comrs., 107 N.C. 110: "It is settled by many decisions of this Court that the equation and limitation of taxation established by the Constitution, Art. V, sec. 1, prohibits and prevents the levy of a greater capitation tax than $2 on each taxable poll, and a tax for the equal amount on property valued at $300 in cash to raise revenue for the ordinary purposes of the State and county governments. This is equal to a tax levy of 66 2/3 cents on property valued at $100 in cash. For such purpose the whole tax levied cannot exceed the sums mentioned. R. R.v. Holding, 63 N.C. 410; Mauney v. Comrs., 71 N.C. 486; Trull v. Comrs.,72 N.C. 388; French v. Comrs., 74 N.C. 692; Griffin v. Comrs., 74 N.C. 701;Clifton v. Wynne, 80 N.C. 145."
In Williams v. Comrs., 119 N.C. 521: "The general power of the Legislature to levy taxes is restricted by the Constitution to 66 2/3 cents on $100 valuation of property. Art. V, sec. 1. And Art. V, sec. 6, restricts the power of the county to double the amount levied for State purposes. But both these levies, for State and county together, *Page 486 
cannot exceed the constitutional limitation of 66 2/3 cents. R. R. v.Holden, 63 N.C. 410."
In Moose v. Comrs., 172 N.C. 427: "It is well settled that, for the ordinary expenses of government, both State and county, the first section of Art. V of the Constitution places the limit of taxation and preserves the equation between the capitation and the property tax — the capitation tax never to exceed $2, and the tax upon property valued at $300 to be confined within the same limit."
And in Bennett v. Comrs., 172 N.C. 625: "The Constitution, Art. V, sec. 1, provides in effect that for ordinary purposes the State and county tax combined shall in no case exceed the sum of $2 (454) on the poll, and 66 2/3 cents on the $100 valuation of property. So far as we are aware, and as to debts and obligations incurred since the provision was established, no departure from this limitation on the amount of taxation has been approved except when and to the extent required to maintain a four-months school, as enjoined by Art. IX, sec. 3 (Collie v. Comrs., 145 N.C. 170), and except when the tax is levied for a special purpose and with the special approval of the General Assembly. Moose v. Comrs.,172 N.C. 419; R. R. v. Comrs., 148 N.C. 220."
Another remedy than the two suggested in French v. Comrs., is to amend the Constitution if the limitation on taxation does not meet the present needs of the State, but this must be done in the way pointed out in the Constitution and not by the courts.
These authorities establish beyond controversy that the State and county taxes combined cannot exceed 66 2/3 cents on property of the value of $100 for ordinary expenses, and it would seem to require no discussion to show that "current and necessary expenses," for which the tax levied by the defendant proposes to provide, are ordinary expenses.
There may be evils attending the exercise of jurisdiction to declare an act of the General Assembly unconstitutional, but they are not comparable to those following the declaration that a constitutional provision is of no effect by judicial decision.
The first is necessary to make the acts of legislators, who are but agents of the people, conform to the wishes of their principles as expressed in the Constitution, while the other would enable the courts to destroy our system of government, which is one of law and order under a written Constitution, and as we are confronted with the necessity of making a choice between the two, we stand by the Constitution.
If the General Assembly can authorize the levy of a tax in excess of the constitutional limitation for the ordinary expenses of a county, *Page 487 
and the courts should so declare, Art. V, sec. 1 of the Constitution, which was intended to protect the people against excessive taxation, would be a "dead letter" and of no effect.
Affirmed.
HOKE, J., concurs in result.