NORFOLK SOUTHERN RAILROAD COMPANY ET AL. v. W. M. FORBES, SHERIFF, ET AL.

(Filed 10 September, 1924.)

1. **Taxation—Counties—Municipalities—Correction of Records.**

Where the record of the board of county commissioners, through a clerical error, states that a tax levy for general county purposes is 20 cents on the $100 valuation of property, this error may subsequently be corrected by the board, at its own instance, to correctly show that in fact the levy was actually made for 15 cents for general county purposes, 5 cents thereof being for the improvement of the courthouse and county home, and thus within the constitutional requirement.

2. **Constitutional Law—Amendments—Statutes—Repeal.**

An amendment to the Constitution will not invalidate an existing statute not expressly or impliedly repealed thereby, or unless its repugnancy is so manifest as to leave no room for a reasonable doubt of its unconstitutionality.

APPEAL from *Devin, J.,* dissolving an order restraining the collection of a tax. From CAMDEN.

The board of commissioners of Camden County levied taxes for 1923, which were entered of record as follows: School tax, 75 cents; county tax, 20 cents; road tax, 25 cents; road bond tax, 15 cents; pension tax, 1 cent. Total, $1.36.

The plaintiffs brought suit to enjoin the collection of the tax for pensions and of any tax for the general county fund in excess of 15 cents on the $100 valuation of property. The defendant Forbes, sheriff and tax collector, filed an answer, alleging that the minutes of the board of commissioners as originally entered did not "speak the truth as to the

levy for the county fund"; that the tax levied for this fund was in truth only 15 cents, and for the improvement of the courthouse and county home 5 cents on the $100 valuation of property, and particularly that the last-named tax was not a part of the general county fund; that the board of commissioners, by resolution properly passed, had amended and corrected their minutes so as to make them speak the truth, and that the levy actually made when the board first met for assessing and apportioning the tax was as follows: School tax, 75 cents on $100 property; county general fund, 15 cents on $100 property; improvement to courthouse and county home, 5 cents on $100 property; road, 25 cents on $100 property; road bonds, 15 cents on $100 property; pensions, 1 cent on $100 property.

The board of commissioners, by leave of court, appeared as a party defendant, and adopted the answer filed by its codefendant.

When the motion to continue the restraining order was heard, the defendants offered a certified copy of the minutes of the board, made 26 April, 1924, in part as follows:

"The chairman informed the board that the minutes of the meeting of board, 2 July, 1923, were incorrect, and by mistake did not record the true act and intent of the board; and at said meeting relative to levy of tax for county fund, after investigation and discussion by the board as to the mistake in the record of said minutes, the following resolution and motion was made and carried:

"It appearing to the board that the minutes of this board of 2 July, 1923, with reference to levy of tax, was and is incorrectly stated, and that the same should be amended to speak the truth, it is, therefore, upon motion made and carried, that the said minutes as pertaining to tax levy shall be amended, as *nunc pro tunc,* to record the true act and intention of this board at said meeting, which was incorrectly stated in said minutes, and which shall be amended to read as follows"—reciting what the defendants say was the correct levy.

The defendants offered also the affidavit of the chairman and the clerk of the board, to this effect: "At the meeting of this board on 2 July, 1923, the tax levy for the different objects of the county was made, but the minutes of said meeting with reference to said levy were incorrectly made by mistake and did not speak the real act and intention of the said board of commissioners with respect to the levy for county fund, which should have been stated as 15 cents on the $100 property, and for improvement to the courthouse and county home 5 cents on the $100; that the said minutes of this board have been amended at a meeting thereof this day so as to speak the truth, and

that the levy as recorded in said minutes of the meeting of this board of 2 July, 1923, as to tax levy shall read as follows"—setting out the correction.

The plaintiffs offered no evidence in contradiction of that which was offered by the defendants. His Honor found the following facts:

1. The matters set forth in the answer of the defendants and the affidavit of the board of county commissioners are true. The Board of Camden County Commissioners, at the proper time for levying taxes in said county, made a levy of 15 cents on the $100 worth of property for the general county fund, and at the same time levied an additional amount of 5 cents on the $100 worth of property for a special purpose, to wit, for the improvement of the county home and the courthouse, and that by inadvertence the two said amounts were added together, and the minutes of the board of county commissioners incorrectly made it appear as if the levy had been made of 20 cents on the $100 worth of property, whereas in truth and in fact two separate and distinct levies were at the time made, as above set out.

2. The board of county commissioners of Camden County, by proper resolution, has corrected said mistake and made the minutes of said board correctly show the action which was taken by the board at the time of the original levy.

Thereupon it was adjudged that the tax was valid and that the restraining order should be dissolved. The plaintiffs appealed.

*Thompson & Wilson for plaintiffs.*

ADAMS, J. The questions arising on this appeal are substantially the same as those which were decided in *R. R. v. Reid,* 187 N. C., 320. There the Norfolk Southern Railroad Company, one of the plaintiffs in the case now before us, alleged that the board of commissioners of Pasquotank County had levied a tax of 18 cents on all property of the value of $100, contrary to the provisions of Article V, section 6, of the Constitution, and insisted that the tax in excess of 15 cents was levied, not for a special purpose, but for supplementing the general county fund. It insisted further that the provisions for supplementing the county fund (Public Laws 1923, ch. 7) could not be sustained, and that the entire act must therefore fail. In his answer the defendant Reid alleged that the board of commissioners had levied a tax of only 15 cents for general purposes and a tax of 3 cents for the construction and maintenance of bridges and the maintenance of the county home. Upon the questions raised by the pleadings and presented for decision the court held (1) that the tax of 3 cents was levied for a special pur-

R. R. *v.* FORBES.

pose if for the construction, repair, or maintenance of bridges and the county home; (2) that a tax cannot be levied under the act of 1923, *supra,* to supplement the general county fund; (3) that the entire act is not for this reason invalid; (4) that while the minutes of the board of commissioners could not be collaterally attacked, they could under certain circumstances be amended in like manner with other records so as to conform to the facts. It was suggested that any alteration of the minutes could be made only by the board, and then not for the purpose of modifying or changing the tax actually levied, but merely to correct an erroneous record and cause it, in the language of the law, "to speak the truth" concerning the tax. The court did not hold or intimate that the board of commissioners had power at a subsequent meeting to set aside or modify a tax which had been regularly levied as provided by law.

We concur with the appellants in saying that the board could not with retroactive effect change the resolution it had purposely adopted and the tax it had purposely imposed; but several decisions of this Court recognize and approve the power of a court to correct an erroneous record, particularly when the correction of the error affects only the original parties, and the rights of others are not involved.

We do not understand from the evidence offered by the defendants that the commissioners made a levy of 20 cents in one item to include the tax both for the general fund and for the courthouse and the county home, and afterwards undertook to correct this sort of an error by separating the one tax from the other. In the corrected minutes it is said that the first record was incorrect and by mistake showed neither the true act nor the intent of the board, and this statement is repeated in the affidavit of the chairman and the clerk. If the minutes were erroneous as to what the commissioners intended to do and what they actually did, why should they not be corrected? The minutes of 26 April and the affidavit obviously signify that the draftsman did not record the tax as it had really been levied by the commissioners. Certainly they neither levied nor intended to levy any tax on 26 April, 1924.

The plaintiffs contest the pension tax on the ground that it is provided for in section 5164 of the Consolidated Statutes (enacted in 1909), and that the later amendment to Article V, section 6, of the Constitution is prospective—that is, that the legislative approval of the tax must be subsequent to the constitutional amendment. Section 6 of Article V provides that "the total of the State and county tax on property shall not exceed 15 cents on the $100 value of property, except when the county property tax is levied for a special purpose and with

the special approval of the General Assembly, which may be done by special or general act."

The Constitution, Article II, section 7, directs that beneficent provision be made for the poor, the unfortunate, and the orphan, and the Court has said that the law providing pensions for persons disabled in war, and their widows, was enacted in the discharge of a legal as well as a moral obligation. *Board of Education v. Comrs.,* 113 N. C., 379, 383. The tax for pensions is designated in the statute as a special tax (section 5164), which is to be levied for each year, at the same time and in the same manner as other county taxes are levied. Whether this section be regarded as general or special, it meets the requirements of Article V, section 6, *supra,* and its efficacy is not impaired by this section of the Constitution. It is a familiar principle that existing statutes not expressly or impliedly repealed by an amendment to the Constitution remain in full force and effect, and that a statute will not be declared void unless the breach of the Constitution is so manifest as to leave no room for reasonable doubt. *Coble v. Comrs.,* 184 N. C., 342, 348; *R. R. v. Cherokee County,* 177 N. C., 86, 97; 12 C. J., 725, sec. 97, and cases cited.

We do not construe the judgment as a final disposition of the action, but as an adjudication that, upon the evidence offered upon the hearing, the tax should be sustained and the restraining order dissolved.

The judgment of his Honor is
Affirmed.