SOUTHERN RAILWAY COMPANY v. CHEROKEE COUNTY.

(Filed 21 December, 1927.)

**Taxation—Constitutional Law—Statutes—Curative Acts.**

> Where a county has levied a tax for general county purposes in excess of that permitted by our Constitution, Art. V, sec. 6, which a property owner has paid under protest, and has reserved his right under the provisions of C. S., 7979, it may not be validated by an act passed after the assessment had been passed upon or levied under the former statute.

APPEAL by defendant from *Sink, Special Judge,* at June Term, 1927, of CHEROKEE. Affirmed.

Action for the recovery of taxes paid under written protest. C. S., 7979. The taxes paid by the plaintiff in Cherokee County for the year 1925 amounted to $52,632.02; of this amount $6,292.39 was paid under protest for the alleged reason that it had been illegally assessed. After demand duly made in compliance with the statute the plaintiff brought suit to recover the alleged illegal tax; a trial by jury was waived by the parties and the cause was submitted to the presiding judge upon the following agreed facts:

"It is agreed that the Southern Railway Company is a corporation and a common carrier, and owned property in Cherokee County in the year 1925, subject to taxation, of the value of $2,097,464; and that the defendant, Cherokee County, is a *quasi*-public corporation, and that it levied a general county tax of 45 cents on the $100 valuation of property for the year 1925; that the total tax levied against the property of the plaintiff was $52,632.02 for the year 1925, in Cherokee County; that all of said tax was paid by the plaintiff before the institution of

this suit, and that the sum of $6,292.39 was paid under written protest on 25 January, 1926; that the plaintiff, on 5 February, 1926, made written demand for refund of said sum of $6,292.39, upon the proper authority, as required by law; that $9,438.59 was the amount of taxes levied against the property of the plaintiff for general county purposes for the year 1925, based upon the levy of 45 cents per $100 valuation levied and collected by the defendant out of the plaintiff; that $6,292.39, with interest from 5 February, 1926, is the amount in controversy and dispute in this action, and that said amount represents the levy of 30 cents (of the 45 cents) levied and collected by the defendant out of the plaintiff for general county purposes for the year 1925; that the General Assembly of North Carolina, at its session, 1927, passed an act attempting to validate and make legal that part of the tax levied and collected for general county purposes in excess of the constitutional limitation; that a copy of said act is correctly set forth in answer of the defendant, and by consent is made a part of the findings of fact; that this action was instituted in the Superior Court of Cherokee County on 18 April, 1927.

"And it is further agreed that the sole question involved in this litigation is whether or not the levy of 45 cents for general county purposes was valid and whether or not the act of the General Assembly, 1927, validated and legalized the levy of the defendant for general county purposes for the year 1925, amounting to 45 cents on the $100 valuation of the property, which said levy was in excess of the constitutional limitation of 15 cents on the $100 valuation of property to the extent of 30 cents on the $100 valuation of property; and if the court is of the opinion that said act of the General Assembly of 1927, validated and legalized said levy of 45 cents on the $100 valuation for general county purposes, then the court may enter such judgment as in his opinion the foregoing facts warrant, with the right of appeal to Supreme Court reserved to losing party."

*Thomas S. Rollins and Julius C. Martin for plaintiff.*
*J. H. McCall and D. Witherspoon for defendant.*

ADAMS, J. The Constitution, Article V, section 6, provides: "The total of the State and county tax on property shall not exceed fifteen cents on the one hundred dollars value of property, except when the county·property tax is levied for a special purpose and with the special approval of the General Assembly, which may be done by special or general act: *Provided,* this limitation shall not apply to taxes levied for the maintenance of the public schools of the State for the term required by article nine, section three, of the Constitution: *Provided*

*further,* the State tax shall not exceed five cents on the one hundred dollars value of property." It is admitted that for the year 1925 the defendant levied a tax of forty-five cents for general county purposes on property valued at one hundred dollars. The two questions for decision are these: (1) Was the levy of forty-five cents invalid? (2) If so, was the invalidity cured by the act of 1927?

With respect to the first question it is apparent that as the levy exceeded the limitation of fifteen cents the excess of thirty cents was imposed in disregard of the constitutional prohibition and was therefore invalid. It was so held in *R. R. v. Reid,* 187 N. C., 320, in which a tax of three cents had been levied to supplement the general county fund. The appellant practically yields its objection to this position but contends that the defect has been cured by an act of the Legislature. The act, ratified on 28 February, 1927, is set out in the record. The preamble recites the levy of taxes "for special county purposes in excess of the constitutional limitation" and the existence of doubt as to the legality of "said special taxes." The first section of the act is as follows: "That the tax levies for the county of Cherokee for the years one thousand nine hundred and twenty-five and one thousand nine hundred and twenty-six, as resolved by the board of county commissioners on 6 July, 1925, and on the first Monday in July, one thousand nine hundred and twenty-six, respectively, be in their entirety validated and legalized, notwithstanding the failure of the county commissioners to comply with certain provisions of the Constitution and acts of the General Assembly of North Carolina, and notwithstanding any other defect or ground of invalidity whatsoever." Public-Local Laws, 1927, ch. 201. It will be noted that the section purports to validate a levy of taxes which was expressly forbidden by the Constitution. It is not necessary to cite authority in support of the fundamental principle that the organic law is supreme, and that an act which purports to supersede its provisions cannot be enforced. The appellant invokes the principle that a retrospective law curing defects or confirming the exercise of power is valid in those cases in which the Legislature originally had authority to confer the power or to authorize the act. *Edwards v. Comrs.,* 183 N. C., 58. The principle is not applicable to the facts of this case. The county commissioners in levying taxes for 1925 exceeded the constitutional limitation and the Leglislature cannot validate an act which the Constitution forbids. In *R. R. v. Reid, supra,* there was evidence that the commissioners levied fifteen cents for general county purposes and three cents for a special purpose and that the clerk added the two items and entered them as one item for convenience in computation. The plaintiff contended otherwise, and the cause was remanded that the facts might be ascertained. But in the case before us the minutes of the board of com-

missioners show conclusively that for general county purposes a tax of forty-five cents was levied; they have never been corrected because there is nothing to correct; they stand as originally recorded, and the prohibited levy remains. *R. R. v. Forbes,* 188 N. C., 151. No efficacy can be given to any provision of the legislative act which contradicts the unimpeached record of the county board; for the power to make laws is entirely distinct from the power to find facts. Judgment

Affirmed.