SOUTHERN RAILWAY COMPANY v. CHEROKEE COUNTY AND B. B. MORROW, TAX COLLECTOR.

(Filed 6 June, 1928.)

**1. Municipal Corporations—Minutes of Meeting of County Commissioners—Power to Correct—Taxation.**

The board of commissioners of a county may correct the minutes of a levy of taxes formerly made by it to show separately the items relating to current county expenses and the items of levy for authorized special purposes when no change in the former levies are thereby made.

**2. Taxation—Constitutional Requirements and Restrictions—Restrictions of Amount of Taxes County May Levy—Current Expenses—Constitutional Law.**

A tax levied by the county commissioners for the aged and infirm, to pay jurors, for feeding and caring for the county prisoners are expenses to be paid from the general county fund as current expenses, and fall within the limitations of Article V, sec. 6, of the State Constitution.

**3. Same—Power of the General Assembly to Validate.**

A subsequent validating act of the Legislature cannot cure an invalid levy of taxes for general county expenses made under a former statute.

APPEAL by plaintiff from *Sink, Special Judge,* at June Term, 1927, of CHEROKEE. Reversed.

Controversy submitted on agreed statement of facts. The necessary facts will be stated in the opinion.

*Julius C. Martin for plaintiff.*
*J. H. McCall and D. Witherspoon for defendants.*

CLARKSON, J. This is an injunctive proceeding, brought by the Southern Railway Company against the Board of Commissioners for the County of Cherokee and its Tax Collector, to restrain the collection of certain taxes assessed or levied by said board, which are alleged to be illegal or invalid. *R. R. v. Comrs.,* 188 N. C., p. 265; *Bond v. Tarboro,* 193 N. C., p. 248; *Hunt v. Cooper,* 194 N. C., 265. A judgment deny-

ing the injunctive relief and declaring the tax levied legal and valid was rendered and plaintiff excepted, assigned error and appealed to the Supreme Court.

On 5 July, 1926, the board of county commissioners for the county of Cherokee, at its regular session, levied certain taxes for the fiscal year 1926. The levies in controversy are set forth on the minutes of the board as follows:

"For general county purposes we do hereby levy a tax of 55 cents on each one hundred dollars worth of property.

"For the support of the aged and infirm we do levy a special tax of 4 cents on the one hundred dollars worth of real and personal property.

"For the paying of jurors and State's witnesses, we do levy a special tax of 3 cents on each one hundred dollars worth of property.

"For the purpose of feeding the county prisoners and providing for their common welfare in the county jail, we do levy a special tax of 3 cents on each one hundred dollars of property."

The plaintiff contends that said board of commissioners attempted to levy on the property of this plaintiff taxes "for general county purposes" at the rate of 55 cents on each one hundred dollars valuation of its property situated in said county, and the plaintiff contends that 40 cents of the amount of said tax on each one hundred dollars valuation of said property is unlawful and unconstitutional, for that the Constitution of North Carolina, Article V, section 6, provides: "The total of the State and county tax on property shall not exceed 15 cents on the one hundred dollars value of property except when the county property tax is levied for a special purpose and with the special approval of the General Assembly which may be done by special or general act." That 10 cents on each $100 valuation of its said property is unlawful and void and is not authorized by any statute or law applicable thereto; that said 10 cents of taxes is made up of taxes as follows, according to the records of said board of commissioners: (a) For aged and infirm, 4 cents; (b) for jury tax, 3 cents; for feeding prisoners, 3 cents; total, 10 cents.

The board of county commissioners of Cherokee County, all its members being present, at the regular session held on 7 February, 1927, concerning the tax assessment or levy, the record and minutes are as follows: "Whereas, it appears to the satisfaction of the board of county commissioners of Cherokee County, North Carolina, that when the tax levy was ordered and made by the board on 5 July, 1926, for general county purposes, for school purposes, for special purposes and the paying of interest on outstanding bonds, including necessary sinking fund, which were made separately, there was a mistake and error in putting the levy on the minutes of the said board in adding the 15 cents for the

general county purposes, which tends to show a levy of 55 cents for the general county purposes, while it should show, viz.:

For general county purposes we do levy 15 cents on $100 worth of real and personal property.

For the purpose of taking care of the interest and creating a sinking fund on a $28,000 funding bond we do levy 1 cent on the $100 worth of real and personal property.

For the purpose of taking care of the interest and creating a sinking fund on $60,000 courthouse and jail bonds issued 1 October, 1922, we do levy a tax of 6 cents on each $100 worth of real and personal property.

For the purpose of creating a sinking fund and paying the interest on $28,000 road and bridge bonds issued 1 May, 1920, we do levy a tax of 3 cents on each $100 worth of real and personal property.

For the purpose of paying the interest and taking care of a sinking fund on $50,000 road and bridge bonds issued 1 November, 1923, we do levy a tax of 5 cents on each $100 worth of real and personal property.

For the purpose of paying and creating a sinking fund on $200,000 Cherokee County road and bridge bonds issued 1 April, 1925, we do levy a tax of 15 cents on each $100 worth of real and personal property.

For the purpose of paying interest on $200,000 courthouse bonds of Cherokee County, we do levy a tax of 10 cents on each $100 worth of real and personal property.

It is further ordered by the board with all members present at the regular February meeting, 1927, of said board on 7 February, 1927, this minute and this order be spread upon the record of the minutes of the said board, thereby correcting the error which was made in placing this levy on the minute at the July Term, 1926, of the said board:"

The levy on 5 July, 1926, was recorded on the minutes of the board "for general county purposes we do hereby levy a tax of 55 cents on each $100 worth of property." The minutes of 7 February, 1927, in the preamble sets forth "there was a mistake and error," and the latter part says "thereby correcting the error." The record does not change the amount, but gives in detail the special purposes. In the agreed statement of facts the acts of the General Assembly and Consolidated Statutes are all set forth authorizing the issuance of the bonds for special purposes. The amendment is in the nature of a bill of particulars showing the special purposes. It was in no sense a new levy. We think the principle well settled that a correction of the minutes to speak the truth can be made as in the present case. *R. R. v. Reid,* 187 N. C., 320; *R. R. v. Forbes,* 188 N. C., 151; *Oliver v. Comrs.,* 194 N. C., 380. To err is human.

It goes without saying that the board of county commissioners of the respective counties should, in performance of the public duty committed to them, keep minutes of the tax levies showing in detail the special purpose the tax is levied to meet, the interest and annual payments on the serial bonds, or the sinking fund required. The money so collected for these special purposes should be applied solely for that levied and not misapplied for general county purposes or current expenses. In this we heartily concur with the plaintiff.

The serious question—10 cents was levied as follows: 4 cents for aged and infirm, 3 cents to pay jurors and State's witnesses, 3 cents for feeding county prisoners and providing for their welfare. Are these special purposes, or are they such running current expenses for general county purposes for which the Constitution provides a levy of 15 cents to meet? They are generally regarded as current expenses.

The amount allowed to be levied not to exceed 15 cents on the $100 worth of property. Const., Art. V, sec. 6. These are current expenses of the county. Public-Local Laws 1927, ch. 201, applicable to Cherokee County, cannot validate a void levy. *R. R. v. Cherokee,* 194 N. C., 781. It may be that the General Assembly could pass a special act or general law allowing a levy for special purposes of this kind in emergency cases.

Counties must live within their income, as provided by the Constitution. It is admitted by defendant county in its brief that the funding bonds should be $10,000, and was incorrectly stated $28,000. This should be corrected and the tax levy reduced. Public-Local Laws 1911, ch. 238, under which the tax was levied, says "An amount not to exceed $12,000."

For the reasons given, the judgment below is

Reversed.