Civil action for recovery of ad valorem taxes alleged to have been assessed illegally and paid under protest.
The parties waived jury trial and agreed that the court should find the facts and render judgment in accordance therewith.
The court made findings of facts substantially these: On 11 July, 1938, the board of commissioners for the county of Cherokee, duly organized, levied taxes for the year 1938 at specified rates on the one hundred dollars property valuation for designated purposes — some of the items being: (1) For general county purposes, fifteen cents, and (2) "For the special purpose of paying the expenses of holding courts in the county, and the expense of maintaining the county jail and jail *Page 170 
prisoners," five cents. The latter levy was made pursuant to chapter 441 of Public Laws of 1931, and subject to and with the approval of the director of local government of the State of North Carolina. The levy for general county purposes is to the full constitutional limit of fifteen cents on the one hundred dollars valuation of taxable property. Article V, sec. 6, of North Carolina Constitution. The purposes of the said second item of the levy are necessary expenses of the county, but, though the levy is designated "for a special purpose," the purposes "are general expenses recurring regularly in the ordinary course of and as necessary steps in the orderly operation of county government."
For the year 1938 the board of commissioners of said county levied and assessed taxes, including the levy for the purposes above stated, on the valuation of the plaintiff's property in Cherokee County, as fixed and certified by the Utilities Commissioner, in the total amount of $23,332.68, of which the sum of $713.93 was the amount arising from the said five cents levy. Plaintiff paid the $713.93 under protest and duly made demand for refund thereof, and in due time instituted this action to recover same.
The court below concluded and held as a matter of law that the said levy of five cents is for a necessary expense of the county; that the same was not levied for a special purpose within the meaning of the Constitution and laws of the State of North Carolina; that the holding of courts is a general expense recurring in the ordinary course of and as necessary steps in the orderly operation of county government, and the caring for and feeding jail prisoners is a general county expense, continuous and ever present, and that, therefore, the five cents levy is for general expenses of the county, citing Power Co. v. Clay County, 213 N.C. 698, at 708. The court thereupon further concludes as a matter of law that the board of commissioners for the county of Cherokee, having in the first item levied fifteen cents for general county purposes, the limit prescribed in the Constitution, Article V, sec. 6, the five cents so levied on each one hundred dollars valuation of property in said county and under attack in this action, is unconstitutional, illegal and invalid. Thereupon, judgment was rendered in favor of the plaintiff against defendants for the amount of tax paid under protest.
Defendants appeal to the Supreme Court and assign error.
The sole question presented for decision on this appeal relates to the ruling of the court below that, on the facts found, the tax *Page 171 
levy made by the board of commissioners for the county for Cherokee for the purpose of paying expenses of holding courts and of maintaining the county jail and jail prisoners in said county is unconstitutional, illegal and invalid. The ruling is in keeping with the decision as to item 10 in PowerCo. v. Clay County, 213 N.C. 698, 197 S.E. 603, where the same question was under consideration. While in that case it is said that there may be circumstances under which these expenses would be expenses for special purposes, such circumstances did not arise there. Nor do they appear on the facts found here.
Upon authority of Power Co. v. Clay County, supra, the judgment below is
Affirmed.